HOWARD, plaintiff in error, *vs.* THE PEOPLE, defendants in error.

A judgment in a criminal case before a Justice of the Peace is not valid, unless the entry thereof upon the docket is signed officially by the Justice.

Where the statute has prescribed the penalty of an offence to be fine or impris-

Howard, plaintiff in error, *vs.* The People, defendants in error.

onment for a limited time, or both, a judgment that the defendant pay a fine and *stand committed until paid*, is void, as adjudging an indefinite term of immprisonment.

Error to Washtenaw Circuit Court.

This was a criminal prosecution, for an *assault and battery*, instituted on the complaint of Ellen Donovan against the plaintiff in error, before David T. McCollum, Esq., a Justice of the Peace. The plea was, not guilty. The cause was tried without a jury, and the only judgment rendered in the cause by the Justice, was as follows: " The defendant is fined eight dollars, and to pay costs of suit, which is taxed at seven dollars and sixty-two cents, and to stand committed till paid." The respondent removed the cause by *certiorari* into the Circuit Court, where the judgment was affirmed. He thereupon sued out a writ of error, and brought the cause into this Court for review.

*O. Hawkins*, for plaintiff in error.

*W. Hale*, Attorney General, for defendant in error.

By the Court, PRATT, J.

Very little need be said by the Court in the determination of the legal questions arising on the record in this cause. The judgment, of the Circuit Court, in affirming the judgment of the Justice, was erroneous, and must be reversed.

It does not appear by the record, nor can it be inferred from any thing contained in it, that the Justice, in fact, determined the case on the merits, or that he found the accused guilty of the offence charged. Nor was the judgment, such as he assumed to enter up in the case, ever, in fact, signed by him. And, in a legal point of view, it is equally as necessary for a Justice of the Peace to sign, officially, any judgment rendered by him, whether

in a civil or criminal prosecution, as it is for the presiding Judge of a Court of Record, to sign, officially, the daily proceedings and judgments, entered upon the journal, kept by the Clerk thereof.

It is true, that the judicial proceedings of Justices of the Peace, should always be reviewed with some degree of liberality, and that their judgments should never be set aside, or reversed, for defects in mere matters of form, where it sufficiently appears that the proceedings are substantially correct, and that the merits of the controversy have been fairly determined, according to law and the rights of the parties. Yet it cannot be presumed, without some foundation for the presumption, that Justices of the Peace, in the discharge of their judicial duties, have in all respects proceeded according to law, or that the rights of the parties have, in all matters of substance, been legally adjudicated and settled. In Rood *vs.* School District No. 7, 1 Doug. R. 502, it was well decided by this Court, that, although " a Justice's judgment is not, *technically* a record, still, it has all the effect of a record, and, therefore, should be as explicit and certain, as to all matters of substance, as a judgment in a Court of Record." This is a sound legal rule, and it imposes no hardship upon Justices of the Peace, for it requires no more of them than the law has ever required; and in order to enable them to perform their judicial duties in this respect, the Legislature has, by statute, clearly enumerated the several matters which they are required to enter upon their dockets, and the order in which they are to be entered. The observance of these statutory requirements by Justices of the Peace, is of much importance, and should not be omitted or neglected. It is not unfrequently the case that parties, in subsequent proceedings, founded on the original entries, entirely lose their just and legal rights, in consequence of Justices of the Peace not having properly made such entries on their dockets.

If the judgment entered by the Justice in this case, had been sufficiently certain, and officially signed by him, still it could not be sustained, as the Justice clearly exceeded his jurisdiction, in assuming to adjudge the accused to stand committed until the fine imposed upon him was paid. The statute is clear on this subject. By sec. 16, chap. 94, title 21, of the Revised Statutes of 1846, it is provided that "whenever the accused shall be tried, &c., and found guilty, &c., or shall be convicted of the charge made against him, upon a plea of guilty, the Court shall render judgment, &c., and inflict such punishment, either by fine or imprisonment, or both, as the nature of the case may require; but such punishment shall in no case exceed the limit fixed by law, for the offence charged." By the statute of 1849, S. L. of 1849, page 344, § 14, it is provided, that " any person convicted under the provision of chap. 94 of the Revised Statutes of 1846, of any offence *mentioned therein*, may be punished by fine not exceeding one hundred dollars, or by imprisonment in the common jail of the county, for a term not exceeding three months, or both, in the discretion of the Court." It was under these provisions of the statute, that the plaintiff in error was prosecuted, and from them it is clear that a Justice cannot impose a fine upon the accused, and then adjudge him to be imprisoned in the county jail until the fine is paid. He can fine or imprison, or can in his discretion do both, within the limits fixed by the statute; but he cannot imprison for an indefinite period of time; the period must be determined and fixed by him judicially, and that, under the statute, cannot exceed the term of three months.

For these reasons, the judgment of the Circuit Court, affirming the judgment of the Justice, is erroneous, and therefore reversed.