THOMAS BROWNBRIDGE AND SCOTT SMITH v. THE PEOPLE.

*Alternative sentences.*

A justice's sentence "to pay a fine of $30, and in default thereof to go to jail for 30 days," is bad for ambiguity if it be uncertain whether it orders imprisonment by way of compelling payment of the fine, or imposes an alternative punishment.

A sentence imposing imprisonment by way of compelling payment of a fine is bad is it does not provide that the imprisonment shall have a definite outside limit, and shall end as much earlier as the fine is paid.

A justice cannot impose an alternative sentence for assault and battery. Comp. L., § 5566.

Error to Van Buren. Submitted April 17. Decided June 4.

ASSAULT AND BATTERY.    Defendants bring error.

*Wm. J. Tucker* and *A. J. Mills* for plaintiffs in error.

Attorney General *Otto Kirchner* for The People cited *Brock v. State*, 22 Ga. 98.

GRAVES, J.    The plaintiffs in error were tried before a justice of the peace and a jury on a charge of assault and battery and found guilty.    The justice forthwith passed and recorded sentence in these terms:    "Therefore it was adjudged and determined by me that the defendants, Thomas Brownbridge and Scott Smith, pay a fine of thirty dollars each, and in default thereof to be committed to the common jail of the county for the period of thirty days each."

The case was removed to the circuit court by statutory certiorari, and that tribunal affirmed the judgment with costs to The People and ordered that execution might issue therefor.    Error was then brought.    The record fails to explain whether the circuit court made, as directed by statute (Comp. L., § 5561), any order for carrying out the sentence.

The allowance of costs is admitted to be error.

The sentence which the justice passed is objected to on several grounds.    It is alleged to be bad for lack of due precision and certainty and also for its departure from the provisions which define what judgment a justice may give.

The only statutes, except possibly some of mere local or special application and not pertinent to this inquiry, which liquidate the penalty a justice is empowered to inflict on persons criminally convicted of assault and battery, enable him simply and barely to impose a fine of not more than one hundred dollars, *or* imprisonment in the common jail of the county for a term not exceeding three months, *or both*, in his discretion (Comp. L., § 5566), together with such costs of prosecution as he shall order (§ 5540) and other provisions contemplate

that any fine imposed may be paid during commitment as well as before. §§ 5545, 5546, 5550.

No authority is here conferred to pass an alternative sentence; neither is there any express power to imprison as a means to coerce payment of a pecuniary mulct. There is some ground for contending that there are implications favoring this power to commit to enforce payment, and Mr. Bishop lays it down that the doctrine of the common law will justify it if the statute is silent on the subject. At the same time he maintains that where no statute is found to authorize it, an alternative sentence is bad. Crim. Proceed., §§ 870, 875. He says that where there are no statutory provisions for sentences in the alternative, "the judgment should be direct and unconditional and distinctly limited in its terms," and the authorities he cites and many others fully sustain him.

The doctrine laid down by Lord Holt in the habeas corpus case of *Dr. Groenvelt* is clear and has always been regarded as authority not only that the exact object of the commitment, as being either by way of distinct punishment or by way of coercing payment of the fine, should plainly appear; but as authority also that at common law it is not competent to sentence to imprisonment for a term fixed and absolute as a penal consequence of non-payment of a fine then imposed. The censors of the college of physicians had committed the doctor under their sentence ordering him fined twenty pounds for an offense of which they had cognizance, and to be committed to jail until he should be delivered by the said college or otherwise by due course of law. Lord Holt observed "that the sentence or judgment was too general, for the cause of commitment ought to be certain, to the end that the party may know for what he suffers, and how he may regain his liberty; if he was committed for the fine, it ought to be *until* he pay the fine; but if the intent of the censors was to punish him, not only by fine, but also by imprisonment, they ought

to have made them two distinct parts of the judgment, by condemning him to prison so long, and from thence also until he should pay the fine." 1 Ld. Raym., 213. To avert misapprehension it may be well to mention that where in cases of this kind the magistrate orders imprisonment to enforce payment of the fine, it is not only due to the formality of law, but also to the claims of substantial justice that the term of commitment should not be left to depend on the occurrence of payment of the fine, but the duration of the commitment should have an express and explicit limit not to be exceeded under any circumstances, so that confinement would be required to terminate certainly at the time so fixed and as much earlier as payment should be made. And the practice in this State has generally been to regard in these cases the period of three months (which has been considered as the longest time for which magistrates can commit by way of distinct punishment) as the proper limit in case of confinement for the non-payment of a fine.

The common law has always condemned vague and indefinite sentences and has not inclined to the introduction of any involving conditional punishments, and the courts have uniformly been strict in requiring that convictions by magistrates should not only be framed in words reasonably plain and certain, but should likewise appear and distinctly appear to be within and in compliance with the provisions defining, graduating and limiting the penalty. By way of illustration the following cases are referred to: *Howard v. The People*, 3 Mich., 207; *The King v. Watson*, 8 Mod., 65; *The King v. Vipont*, 2 Burr., 1166; *The King v. Hall*, 1 Cowp., 60; *The King v. Patchett*, 5 East, 339; *Griffith v. Harries*, 2 Mees. & Wels., 335; *Ex parte Hyde*, 5 Eng. L. & Eq., 368; *The King v. Hertford*, Holt, 320; *The King v. Barnes*, 2 Strange, 917; *Washburn v. Belknap*, 3 Conn., 502; *In the matter of Sweatman*, 1 Cow., 144; *Morris v. The State*, 1 Blackf., 37; *Picket v. The State*, 22 Ohio St., 405; *Brown v. The State*, 47 Ala., 47; *Brock v. The State*, 22 Ga., 98; *State v. Bennett*, 4 Dev. & B., 43, 50.

The sentence passed against the plaintiffs in error either imposed imprisonment by way of punishment as alternative to the fine, or else imposed it as a mere measure to coerce payment of the fine and not as punishment at all. If it be uncertain which, the ambiguity is error. If the imprisonment was ordered by way of alternative punishment, it is error. The provisions under which the justice was bound to act do not authorize such a sentence. They empowered him to sentence to a fine, or to sentence to imprisonment, or to sentence to both; but not to something else, and it was not competent to sentence by way of punishment to do one thing or else suffer another. If the meaning of the sentence is that the imprisonment was to compel payment of the fine, it is still bad.

The imprisonment is not directed to be until payment of the fine and not more than thirty days, but is required to be for the whole thirty days whether the fine be or be not sooner paid. According to the terms of the sentence the parties could not accelerate their liberation an hour by making payment, and hence could gain nothing by producing the fine after commitment.

If then the sentence were understood as intending that the imprisonment was ordered not as distinct punishment, but only to coerce payment of the fine, the want of some qualification by which payment of the fine would terminate the imprisonment would affect it with error. It is not claimed that Comp. L., § 7985 was applicable to the case and jurisdiction. But if it had been, the sentence could not be justified under it. The conditional sentence there authorized must express a limited time for paying the fine and must provide for deferring the imprisonment to be suffered for not paying, until the lapse of such time. Here no such period of time was ascertained and expressed. It is unnecessary to notice other objections.

The judgments of both courts should be reversed.

The other Justices concurred.