## THE PEOPLE v. DENNIS CARROLL.

*Alternative sentence— Validity of judgment disproved in action on recognizance.*

A sentence by a justice to pay a certain sum with costs of prosecution within twenty-four hours, or, in default of such payment, to be imprisoned for a specified period, is void.

*It seems* that in an action on a recognizance given on appeal from a justice's court, the surety therein is not estopped from showing that there is no valid judgment in force against his principal.

A recognizance on an appeal from a justice's court cannot be said to have been given voluntarily when the judgment is void.

Error to Mason. Submitted June 22. Decided Oct. 13.

ACTION on recognizance. Plaintiff brings error. Affirmed.

Attorney-General *Otto Kirchner* for the people. An appeal from a justice's judgment vacates it, and places the case within the appellate jurisdiction of the higher court. *Campbell v. Howard* 5 Mass. 376.

MARSTON, C. J. Daniel Shay was convicted in justice's court and was sentenced to pay a fine of $50, besides the costs of prosecution, taxed at $12.50, within twenty-four hours, or in default of such payment that he be imprisoned, etc. Shay appealed to the circuit court. The usual recognizance was given on such appeal. Default having been made in the circuit, this action was brought on the recognizance, and Carroll, one of the sureties, defends upon the ground that the judgment of the justice was not authorized by the statute, and could not be the foundation even of a valid bond on appeal. The judgment of the justice was clearly void under the decision in *Brownbridge v. People* 38 Mich. 753, and we think the same may be taken advantage of in the present case. The recognizance given under such circumstances cannot be said to have been given voluntarily, and it might be dangerous to hold that the giving of a recognizance, as in this case, would estop the surety from showing that no valid judgment was in force under which the respondent could have been subjected to the payment of a fine or imprisonment.

We think the ruling was correct and that the judgment must be affirmed.

The other Justices concurred.