## EX-PARTE JAMES S. MARTINI.

1. A municipal ordinance which provides that a person convicted of a certain offence shall be fined not exceeding $500, and may be imprisoned for a period not exceeding 60 days, or both, does not authorize a sentence to "pay a fine of one hundred dollars *or* perform sixty days work on the public streets" of the city.

2. The latter clause of the sentence is not authorized by the imprisonment clause of such ordinance, nor by an ordinance authorizing the Mayor or President of the municipality to commit to the city prison or work house or place of correction, for a period to be determined by such Mayor or President, but not to exceed sixty days, any convict failing to pay a fine, penalty or forfeiture imposed under any city ordinance. Ex-parte Hunter, 16 Fla., 575, distinguished.

3. The above sentence is void for uncertainity, being in the alternative, and otherwise illegal.

Writ of error to Circuit Court for Escambia county.

The facts of the case are stated in the opinion.

*Tucker & Thompson* for the Petitioner.

*W. A. Blount* for Respondent.

MR. JUSTICE RANEY delivered the opinion of the court:

The petitioner was sentenced by the Municipal Court of the Provisional Municipality of Pensacola, in May, 1886,

to pay a fine of one hundred dollars *or* perform sixty days work on the public streets, for permitting minors to game in a house kept by him. He applied to the Judge of the First Circuit and obtained a writ of habeas corpus, alleging as a ground for his discharge that the judgment or sentence was null and void for being in the alternative and for want of jurisdiction in the court to render such a sentence. The Circuit Judge, after due hearing, remanded the prisoner, who brings the case here by writ of error.

By section 1 of chapter 3024, Acts of 1877, the city or town council was given power to pass all such ordinances and laws as may be expedient and necessary for the preservation of the public peace and morals and for the good order and government of the city, and to impose such pains, penalties and forfeitures as may be needed to carry the same into effect, such ordinances not to be inconsistent with the Constitution and laws of this State or United States, and for no one offence made punishable by the ordinances and laws of a city shall " a fine of more than five hundred dollars be assessed nor imprisonment for a period of time greater than sixty days." The same power is given a provisional municipality by the act of 1885.

The ordinance under which the petitioner was arraigned and convicted provides that the party convicted shall " forfeit and pay the sum which the Mayor may impose as a fine, not exceeding five hundred dollars, and may be imprisoned for a period not exceeding sixty days, or both, for each and every offence."

There is also an ordinance which provides that in all cases where the Mayor shall, in accordance with any law or ordinance, impose any fine, penalty or forfeiture upon any person, and if such person shall not comply with and perform the judgment imposing such fine, penalty or forfeiture, he shall be committed to the city prison or work

house or place of correction until discharged by law, not to exceed, however, sixty days for any one offence, *the time to be determined by the Mayor.*

If it was the purpose of the President of the Municipality of Pensacola, through the second alternative of the sentence, to carry out the provisions of the last mentioned ordinance and fix or determine the time for which the prisoner, if he failed to pay the fine, should be committed to the city prison or work house, or place of correction, he has certainly exceeded his powers, for he has not limited the time of *imprisonment* to sixty days, or less, as the ordinance requires he should, but has sentenced him to perform sixty days labor on the public streets. Disregarding the fact that the sentence may be construed to authorize an imprisonment or holding of the prisoner for more than sixty days, and until he shall have actually performed the sixty days labor, still the part of the sentence in question is not a commitment to the " city prison, or work house, or place of correction." There is nothing before us to show that under the ordinances of the city the terms quoted, or any of them, are of the same effect as those of the last clause of the sentence of the prisoner. The distinction between the case before us, as just considered, and that of Ex-parte Hunter, 16 Fla., 575, is that in the latter case there was improperly and inaccurately inserted in the judgment a consequence legally flowing from it under our statutes, whereas here the ordinance is not enforceable unless there is a judgment in accordance with it. Holland vs. State *ex rel.*, 23 Fla.

If the sentence is to be considered as inflicting in the alternative, a fine of $100, or the performance of sixty days work on the public streets, as the punishment adjudged for the offence, not only is the latter part of it wholly unauthorized as a punishment by the ordinance denouncing the offence, but the sentence is void for uncertainty. If it be

left by the court to either the prisoner or to the ministerial officer of the court having him in charge, or to any one else, to say whether the prisoner shall pay a fine or do something else, then the court has not fixed the sentence, and we have no certain sentence of the court, and which ever of the two things may be done is not done by virtue of any decision of the court as to which shall be done. The ordinances referred to do not authorize any such sentence.

" An illegality which renders a judgment in a criminal case void, is such an illegality as is contrary to the principles of law, as distinguished from rules of procedure." Exparte Gibson, 31 Cal., 619. The illegalities spoken of are no mere error as to a mode of procedure. They are the doing of what there was no power or authority in law to do, the exercise of powers not given by law, and hence the judgment is void and the prisoner should have been discharged. Hurd on Habeas Corpus, pp. 327, 329, and notes; Ex-parte Page, 49 Mo., 291; Howard vs. People, 3 Mich., 207; Gurney vs. Tufts, 37 Me., 130; Freeman on Judgments, §625.

The judgment of the Circuit Judge is reversed.