WILLARD J. TURNER, PROSECUTING ATTORNEY OF MUS-
KEGON COUNTY, v. WILLIAM H. SMITH, UNDER-
SHERIFF OF MUSKEGON COUNTY.

90  309
95  265
90  309;
115  317.

*Justice of the peace—Contempt—Sentence.*

1. A sentence by a justice of the peace for contempt under How.
   Stat. § 7077, that the respondent pay a fine of $25 within one
   hour, and, in default of such payment, that he be imprisoned
   in the common jail for a period of 5 days, is an alternative
   sentence, and void; citing *Brownbridge v. People*, 38 Mich. 751;
   *Donnoly v. People*, Id. 756.
2. How. Stat. § 7107, which extends somewhat the authority of
   justices of the peace in imposing sentences, does not apply to
   How. Stat. § 7077, which governs the imposition of sentence
   in proceedings for contempt.

*Mandamus.* Argued February 9, 1892. Denied Feb-
ruary 10, and opinion filed February 16, 1892.

Relator applied for *mandamus* to compel the respondent
to serve a warrant of commitment issued by a justice of
the peace in execution of a sentence for contempt. The
facts are stated in the opinion.

*W. J. Turner* and *DeLong & O'Hara*, for relator.

*F. W. Cook*, for respondent.

PER CURIAM. *Mandamus* is asked to compel the
respondent to serve a warrant of commitment, command-
ing him to receive into his custody and imprison one
Charles S. Marr for a period of five days. This warrant
was based upon a sentence of the justice imposed upon
Marr for a contempt of court. The sentence was that
said Charles S. Marr pay a fine of $25 within one hour,
and, in default of the payment of said fine within

the time specified, that he be imprisoned in the common jail of the county for the period of 5 days.

The statute (How. Stat. § 7077) authorizing punishment for contempt by justices of the peace provides that such punishment—

"May be by fine not exceeding $25, *or* by imprisonment in the county jail, not exceeding *five days,* or both. in the discretion of the justice; but no person shall remain imprisoned for the non-payment of such fine more than ten days."

The sentence of imprisonment was not imposed as a means of insuring the payment of the fine under the latter clause of the section quoted, as for that purpose it could only have provided for the detention of the prisoner until the fine should be paid, not exceeding 10 days; but by this sentence the prisoner was subjected to an imprisonment absolutely for a period of 5 days, from which he could, under the terms of the sentence, relieve himself only by the payment of the fine within *one hour.* This constituted an alternative sentence, and was void, under the repeated rulings of this Court. *Brownbridge v. People,* 38 Mich. 751; *Donnoly v. People,* Id. 756. The sentences imposed in the cases cited were in criminal proceedings under chapter 179, Comp. Laws 1871, but the authority of the justice to punish by fine or imprisonment, or both, is precisely the same under each statute.

By an amendment to chapter 179 (How. Stat. § 7107), the authority of the justice has been somewhat extended, but that amendment does not apply to the statute under which the justice acted in this case (section 7077).

As the sentence was void, it follows that *mandamus* will not issue to enforce its execution.