ADOLPH SLOMAN v. CORNELIUS J. REILLY, CIRCUIT JUDGE OF WAYNE COUNTY.

*Contempt—Sentence—Imprisonment.*

A sentence by the circuit court for contempt, under How. Stat. § 7235, which sentence gives the respondent the alternative of paying a fine of a given amount within a specified time, or being imprisoned for a stated term without the right to be released upon payment of the fine, is void; citing *Turner v. Smith*, 90 Mich. 309.

*Certiorari* to review two orders imposing penalties upon petitioner for contempt. Argued March 9, 1893. Orders vacated April 7, 1893. The facts are stated in the opinion.

*Sloman, Moore & Duffie (James H. Pound,* of counsel), for petitioner.

GRANT, J. Plaintiff is an attorney at law, and was engaged in the trial of a slander suit, wherein Archibald W. Beers was plaintiff and Charles M. Payment was defendant. Defendant was the presiding judge. During the progess of the trial the court entered an order finding plaintiff guilty of contempt committed in the immediate view and presence of the court, and imposing a penalty therefor. At the conclusion of the trial, and after the jury had retired for consultation, the court found plaintiff guilty of another contempt, for which a penalty was imposed. The validity of these orders is the question for determination.

By the first order it was adjudged that plaintiff pay to the clerk of the court, on or before November 17, 1891, at 9:30 A. M., a fine of $10, and that in default thereof he be confined in the county jail a period of 24 hours.

By the second order plaintiff was sentenced to pay a fine of $25, and in default thereof that he be imprisoned in the county jail for a period of 48 hours from that time. The statute provides that punishment for contempts may be by fine or by imprisonment, or both, at the discretion of the court, but the fine shall not exceed the sum of $250 nor the imprisonment 30 days; and when any person shall be committed to prison for the non-payment of any such fine he shall be discharged at the expiration of 30 days. How. Stat. § 7235. Neither of these sentences was in compliance with the statute. They were both in the alternative. The imprisonment was not imposed to secure the payment of the fine, nor was it, within the meaning of the statute, for its non-payment. When the imprisonment is for the non-payment, the party is entitled to his discharge at any time upon payment, and to a discharge absolutely at the expiration of 30 days if he has not paid. By the terms of these sentences the alternative was presented to the plaintiff either to pay within the time specified, or be imprisoned for a specified time without the right to be released upon payment. The case is ruled by *Turner v. Smith*, 90 Mich. 309. The provisions of the statute in that case in providing for a punishment are identical with the statute in this case.

The orders must therefore be vacated. No costs will be allowed.

The other Justices concurred.