GEORGE ROOP v. THE STATE OF NEW JERSEY.

1. When two indictments are tried together, by consent of the prosecutor and the accused, a record should be made up in each case as if tried separately.
2. Upon a verdict of guilty, on an indictment charging the offence of keeping a disorderly house, a sentence that the offender pay a fine *or* be confined in the state prison is error. No power having been conferred to correct this error by a new sentence in this court, or by remanding the record for correction, the judgment must be reversed.

On error to Camden Sessions.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiff in error, *Albert De Unger.*

For the state, *Wilson H. Jenkins*, prosecutor of the pleas.

The opinion of the court was delivered by

MAGIE, J. The record brought up by this writ of error exhibits two indictments presented by the grand jury of Camden against plaintiff in error (one charging him with keeping a disorderly house and the other charging him with the unlawful sale of intoxicating liquors); his plea of not guilty to each indictment; a trial of both issues thus joined with a verdict in favor of the state, and two separate judgments thereon.

By the bill of exceptions, it appeared that the prosecutor and plaintiff in error agreed that both issues should be tried together by one jury. Notwithstanding such an agreement, the record should have been made up upon each indictment as if each had been separately tried.

But this error is not within any of the assignments of error, and need not be considered.

The judgment rendered upon the verdict on the issue

joined on the charge of keeping a disorderly house was that " George Roop pay a fine of five hundred dollars or be confined in the state prison at Trenton, N. J., at hard labor for one year." The record further shows that the court allowed the prisoner the period of ten days in which to pay said fine.

Such a judgment is manifestly erroneous. By section 192 of the Crimes act (*Gen. Stat., p.* 1083), the court was empowered upon such a conviction to inflict, at its discretion, a punishment, either by imprisonment at hard labor, not exceeding two years, or by a fine not exceeding $500, or by both imprisonment and fine. It became the duty of the court, therefore, to determine which of these punishments should be imposed. It did not comport with its duty to leave such determination to the convicted criminal. Such a sentence as was pronounced is indeterminate and uncertain, and would not become certain until the lapse of ten days, and then only by a payment, or a default of payment, which would form no part of the record.

Cases in which such sentences are condemned will be found collected in 21 *Am. & Eng. Encyl. L.* 1077 and notes, to which may be added the case of *People* v. *Carroll,* 44 *Mich.* 371, and *Turner* v. *Smith,* 90 *Id.* 309.

In many states legislation has conferred upon a court of review, when it adjudges such a sentence informal and erroneous, the power to pronounce a proper sentence on the verdict, or to remand the record for correction in respect to such error. No such legislation exists in New Jersey. This court, speaking by Mr. Justice Van Syckel, in 1875, declared that no power existed in it to cure such an error, or to remand the record for correction, in the absence of such legislative authority. *State* v. *Gray,* 8 *Vroom* 368. No such authority having been conferred, there is no alternative but to reverse the judgment.

The judgment pronounced upon the verdict finding plaintiff in error guilty of the unlawful sale of intoxicating liquors is also unsupportable.

By it he was sentenced to pay a fine of $250, and to stand

committed until the fine and costs were paid. The indictment contained no charges bringing the alleged offence within the provisions of the act of March 10th, 1893, as recently interpreted in this court. *Rogers* v. *State, ante p.* 220. Its charges were of individual sales of intoxicating liquor without license. Upon the authority of the case last cited, the court had no power, upon a conviction on such charges, to inflict the punishment prescribed by section 192 of the Crimes act.

This judgment must, therefore, be reversed.