## SWETT *v.* THORKILDSEN.

CONTEMPT—PUNISHMENT—ALTERNATIVE SENTENCE.

> An order imposing a fine for contempt of court, to be paid within 15 days, and directing that the defendant, in the event of his failure to pay the fine within the time limited, shall be committed to jail for the period of 30 days, with no provision for his release on payment of the fine, is void as an alternative sentence.

Appeal from Muskegon; Russell, J. Submitted November 5, 1897. Decided December 15, 1897.

Injunction bill by Edward R. Swett against Thomas Thorkildsen. Defendant appeals from an order denying his motion for a dissolution of the temporary injunction issued in the cause, and from a further order adjudging him guilty of contempt in violating such injunction. Reversed as to sentence imposed.

*Smith, Nims, Hoyt & Erwin,* for complainant.

*Alex. Sutherland,* for defendant.

LONG, C. J. Complainant filed his bill of complaint against the defendant, setting up that he was the owner of certain premises therein described, and had been in actual possession thereof for a year last past, and that the defendant claimed the right to occupy a part of said premises, and threatened to enter upon the same, and erect bath-houses and other buildings. Upon filing this bill, an injunction was issued *ex parte*, restraining the defendant from entering upon the premises. Defendant answered the bill, and moved to dissolve the injunction. This motion was denied, and the injunction was continued. In the answer the defendant set up his ownership of certain other premises, and claimed that by reason thereof he was the riparian

owner of the premises in controversy. The writ of injunction was served on John Leaf and Jacob Gulickson, who were then engaged in the work of erecting bath-houses for defendant, and on the defendant, on July 8th and 10th, respectively. On July 19th, a petition was filed in the cause, duly verified by the complainant, showing to the court that defendants had continued the erection of the bath-houses notwithstanding the service upon them of the injunction, and asking that they be adjudged guilty of contempt of court in disobeying the commands of the injunction. An order to show cause was granted, and the parties defendant answered the order.

Defendant Thorkildsen, by his answer, again set up his right to possession of the premises as riparian owner, as set up in his original answer; that the building which he was erecting was a cheap wooden structure, worth only about $30; that complainant had suffered no injury therefrom; that he had discovered since his answer to the bill that complainant did not own certain premises mentioned and described in his bill of complaint. He also sets up in his answer that the title which he holds to the premises adjacent to those in controversy is conditioned that he hold an annual assembly and camp meeting on the premises, and the erection of the bath-houses is an essential part of that enterprise. He also alleges that after considering these matters, and advising with his solicitor in the cause, he thought the court was not fully advised of the matter, and that the injunction was improvidently granted. He does not deny that he was acting in violation of the injunction, but claims, further, that the court was without jurisdiction in granting it for the reasons:

(1) That the bill of complaint did not show that the construction of the bath-houses would do irreparable injury to the complainant or to said premises.

(2) That the defendant was in the sole and exclusive possession of the premises occupied by the bath-houses at the time the bill was filed and the injunction issued.

(3) That the complainant was not the owner of the premises at the time the bill was filed.

The other parties against whom the order to show cause was issued also answered, but, inasmuch as they have not appealed, we need not set out their claims in their answers. The court, upon the hearing, found the parties guilty of the alleged contempt, imposed a fine of $25 on Thorkildsen, and $5 upon each of the others, and ordered that they—

"Severally pay to the register of this court the fines so imposed upon them, respectively, within 15 days from this date. And it is further ordered that if the said Thomas Thorkildsen, John Leaf, and Jacob Gulickson, or any of them, shall fail or neglect to pay the fines so imposed on them, respectively, within the time hereby limited, that such of them as shall so fail or neglect be, and they are hereby, ordered to stand committed to the county jail of the county of Muskegon, there to remain charged upon this contempt for the period of 30 days, and that a commitment issue accordingly against such of them as shall fail or neglect to pay the fine imposed on him or them."

1. It is contended that the bill does not show that complainant was in possession of the premises in controversy at the time the injunction issued. We think this cannot be said. The bill alleged positively that the complainant was in actual possession, and had been so in possession for one year and upwards. The bill was sworn to. On motion for dissolution, this question was raised, and passed upon by the court adversely to the defendant. The facts were then before that court, and in his discretion he refused to dissolve the injunction. We find nothing in the case showing an abuse of that discretion.

The court below, being possessed of the facts in the case, passed upon the question of irreparable injury, and refused to dissolve the injunction. We do not feel at liberty to reverse that ruling.

2. The contention that the court below had no jurisdiction to grant the injunction has no force, for the reasons above given.

3. It is also contended that the sentence is an alternative one, and therefore void. Counsel in this contention relies upon *Sloman* v. *Wayne Circuit Judge*, 95 Mich.

264, and *Turner* v. *Smith,* 90 Mich. 309.    In the present case the sentence was imposed under section 7276, 2 How. Stat., which provides:

" If the court shall adjudge the defendant to have been guilty of the misconduct alleged, and that the misconduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of any party in a cause or matter depending in such court, it shall proceed to impose a fine or to imprison him, or both, as the nature of the case shall require. " ·

Section 7277 provides that the court may, in cases where actual loss or injury has been produced to any party by the misconduct alleged, order the defendant to indemnify him, and satisfy his costs and expenses, instead of imposing a fine.    Section 7278 provides:

" In all cases other than that specified in the last preceding section, the fine shall not exceed two hundred and fifty dollars, over and above the costs and expenses of the proceedings. "

Sections 7279 and 7280 have no reference to the present case; but it is provided by section 7281:

" In all other cases, where no special provision is otherwise made by law, if imprisonment be ordered it shall be for some reasonable time, not exceeding six months, and until the expenses of the proceedings are paid, and also, if a fine be imposed, until such fine be paid; and in the order and process of commitment the duration of such imprisonment shall be expressed."

It appears in this case that the sentence of imprisonment was not imposed as a means of insuring the payment of the fine under the latter part of the clause of section 7281, as it does not provide that the sentence of imprisonment shall terminate upon the payment of the fine; but the defendant was given 15 days to pay the fine, and, if not paid within that time, he should be imprisoned for the period of 30 days.    The sentence was void as an alternative one, within the principles stated in the cases above cited and the cases therein referred to.

The case will be remanded, and the court directed to proceed to sentence, as the defendant has not yet served any portion of the sentence of imprisonment imposed or paid the fine.

The other Justices concurred.