THE STATE, GEORGE MILLER, PROSECUTOR, v. THE CITY OF CAMDEN.

Argued March 20, 1899--Decided June 12, 1899.

1. The board of excise of the city of Camden is authorized, by the statute under which it is established, to confer upon the recorder of that city power to hear and determine complaints for the violation of ordinances regulating the sale of intoxicating liquors.

2. The charter of the city of Camden conferred upon its common council power to pass ordinances regulating the sale of intoxicating liquor, and punishing infractions thereof by the imposition of a fine not exceeding $100, or of a term of imprisonment not exceeding ten days. By subsequent legislation the regulation of the liquor traffic in that city was transferred to an excise board, and power given to it "to prescribe and enforce penalties, either by fine or imprisonment, for the violation of excise ordinances." *Held*, that a fine or term of imprisonment so prescribed could not legally exceed the maximum penalty fixed by the charter.

3. Under a charter provision authorizing punishment for violation of a city ordinance, by a fine or by imprisonment, the sentence must impose either the one or the other; and an alternative sentence which allows a convicted party either to pay a fine or submit to a term of imprisonment, as he may select, is not justified by such charter provision.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Frederick A. Rex* and *Harrison H. Voorhees.*

For the defendant, *Edwin G. C. Bleakly.*

The opinion of the court was delivered by

GUMMERE, J. · The writ in this case brings up for review the record of a summary conviction, had before the recorder of the city of Camden, for violating the ordinance of the excise board of that city regulating the sale of intoxicating liquors.

The first question presented to us for consideration is whether the recorder of Camden has jurisdiction to hear and determine complaints for violations of the provisions of the ordinance referred to, and to punish those who are found guilty. That such jurisdiction has been conferred upon him by the ordinance itself appears from an inspection of that instrument, which was sent up with the proceedings now under review; but the prosecutor contends that such delegation of power by the excise board was beyond its authority.

By section 1 of the "Act establishing boards of excise in the various cities of this state" (*Pamph. L.* 1886, *p.* 397), power is conferred upon such boards to make, amend or repeal ordinances and by-laws to license and regulate, or prohibit, inns, taverns and beer saloons, and to prescribe and enforce penalties for the violation of such ordinances; and such penalties are to be enforced "in the same manner as any other penalties are enforced in any such city." In order, therefore, to determine the question whether the authority conferred by the board of excise of Camden, upon the recorder, was within its power, it is only necessary to turn to the charter of that city and ascertain whether the recorder was clothed with

power to try parties charged with violating other municipal ordinances and to impose penalties therefor. An examination of the forty-fourth section of the charter discloses that such power is conferred upon him in express terms. *Pamph. L.* 1871, *p.* 234.

The recorder therefore had jurisdiction to hear and determine the complaint against the prosecutor.

The second ground upon which we are asked to set aside this conviction is that the judgment of conviction is insufficient in form and substance. This criticism upon it is without merit. It contains a recital of the complaint; of the process by which the prosecutor was brought before the magistrate; of his appearance and defence; of the evidence presented, and of the judgment pronounced. These recitals are all that a conviction under a penal statute should contain. *Preusser* v. *Cass,* 25 *Vroom* 532.

The ordinance under which the prosecutor was proceeded against ordains that any person violating its provisions " shall pay a fine of $50 and costs of prosecution, or, in default thereof, be imprisoned in the county jail for a period of three months ; " and this was the penalty imposed by the recorder upon the prosecutor. The remaining ground upon which the proceedings are attacked is that the excise board was without power to prescribe by their ordinance, and that the recorder was without power to impose such a penalty as was inflicted upon the prosecutor.

We concur in this view.

Prior to the enactment of the statute creating excise boards in the various cities of the state, the power to grant licenses for, and pass ordinances regulating, the sale of intoxicating liquors in the city of Camden, was lodged in its common council ; and the city charter provided that, for the violation of such ordinances, the council might prescribe a penalty either by imprisonment in the county jail not exceeding ten days, or by a fine not exceeding $100. *Pamph. L.* 1871, *p.* 230, § 32.

When the legislature transferred the regulation of the liquor traffic from the common council of Camden to an excise board, it conferred upon the latter the power "to prescribe and enforce penalties, either by fine or imprisonment, for the violation of excise ordinances;" but it was not intended, by this statutory provision, to clothe the board with power to impose fines unlimited in amount, or terms of imprisonment unlimited in extent. The legislature had, in granting its charter to Camden, already declared what should be the maximum penalty for the violation of its municipal ordinances, and that maximum remained unchanged by the transfer from the city council to the excise board of the power to pass ordinances regulating the sale of liquor, and to punish violations of such ordinances. The prescription by the excise board of a penalty of three months imprisonment, for a violation of the provisions of its ordinance, is *ultra vires* and void.

The sentence complained of is further objectionable, from a legal standpoint, by reason of its alternative character. It leaves it to the prosecutor either to pay a fine, or to submit to a term of imprisonment, as he may select. The penalty prescribed by the ordinance, and imposed by the magistrate, should be fixed and certain, and not left to be selected by the party convicted; and, if it be determined to impose a fine, then the payment of the fine should be enforced in the same manner that fines imposed for the violations of other ordinances are collected, viz., either by committing the offender to jail until the fine and costs are paid, or by issuing a warrant for the levying and making thereof out of his goods and chattels. *Camden Charter*, § 44; *Pamph. L.* 1871, *p.* 234.

The conviction of the prosecutor should be set aside, with costs.