STATE OF MAINE, In Scire Facias *vs.* CHARLES E. STURGIS et als.

Kennebec.   Opinion December 20, 1912.

*Alternative sentence. Conditional sentence. Fine. Imprisonment. Judgment.*
*Liquor nuisance. Postponing sentences. Recognizance. Revised*
*Statutes, Chapter 136, Sections 5 and 9.  Scire facias.*

Action of scire facias to recover the penalty of a recognizance entered into
under the stipulation therefor in the following sentence imposed on Charles
E. Sturgis for maintaining a liquor nuisance:

"Sentence:   Fine $1000 and in addition imprisonment at hard labor in jail
for the term of six months, and in default of payment of fine, thirty days
additional in jail, the imprisonment part of the penalty to be cancelled on
payment of the fine, if respondent shall recognize with sufficient sureties
in the sum of $1500 to keep the peace and be of good behavior, and
especially to violate no provision of law for the prevention of the traffic
in intoxicating liquors for the term of two years."

The fine was paid and the peace recognizance given, but subsequently vio-
lated.

*Held:*                                                                    .

1. A voluntary engagement entered into on the part of a citizen with the
State to keep the peace and be of good behavior, and especially not to
violate a particular law does not create an enforceable contract.

2. The sentence in a criminal case should be definite and certain, and not
dependent upon any contingency or condition.   Accordingly, where no
statute is found to authorize it, a sentence in the alternative is bad for
uncertainty.

3. There is no statutory provision in this State for alternative sentences,
except that contained in Sec. 5, Ch. 136, R. S., which is special and limited
in its application.

4. After the judgment in a criminal case is rendered and the sentence pro-
nounced, the court has no power to indefinitely postpone the execution of
that sentence, or commute the punishment and release the convict there-
from in whole or in part.

5. The power to pardon, to commute penalties, to relieve from the sentences
of the law imposed as punishment for offences against the State, has not
been given to the courts, but is confided exclusively to the Governor of
the State with the advice and consent of the council.

6. It is not to be understood, however, that the court has not the power to
temporarily postpone the execution of its sentence in order that the convict
may exercise his legal rights to obtain a reversal or modification of the
judgment against him, also in cases where cumulative sentences are

imposed, and perhaps also in some cases of great necessity and emergency. But when the court has pronounced the sentence of the law against one convicted of a criminal offence, it then has no power (unless so authorized by statute) to make any order, the effect of which would be to indefinitely suspend the execution of that sentence, or to nullify it upon the happening of a contingency or to render it void upon the performance of some condition by the defendant at his option, and any such order is void and a recognizance given in pursuance of such an order is also void.

On report. Judgment for the defendants.

This is an action of scire facias to recover the penal sum in a recognizance entered into by the defendants. The defendant, Charles E. Sturgis, was convicted of maintaining a liquor nuisance at the January term, 1910, of the Superior Court for Kennebec County, and the following sentence was imposed upon him by the court:

"Sentence: Fine $1000 and in addition imprisonment at hard labor in jail for the term of six months, and in default of payment of fine, thirty days additional in jail, the imprisonment part of the penalty to be cancelled on payment of fine, if respondent shall recognize with sufficient sureties in the sum of $1500 to keep the peace and be of good behavior, and especially to violate no provision of the law for the prevention of the traffic in intoxicating liquors for the term of two years." The case was reported on an agreed statement of facts to the Law Court, which is to render judgment thereon and if said judgment is for the plaintiff to assess damages.

The case is stated in the opinion.

*Joseph Williamson,* County Attorney, for the State.

*George W. Heselton,* for defendants.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

KING, J. This case is reported to the Law Court on an agreed statement.

At the January term 1910 of the Superior Court for Kennebec County, Maine, the defendant, Charles E. Sturgis, entered a plea

of nolo contendere to an indictment pending against him for maintaining a liquor nuisance and the following sentence was imposed upon him by the court:

"Sentence: Fine $1000 and in addition imprisonment at hard labor in jail for the term of six month, and in default of payment of fine thirty days additional in jail, the imprisonment part of the penalty to be cancelled on payment of the fine, if respondent shall recognize with sufficient sureties in the sum of $1500 to keep the peace and be of good behavior, and especially to violate no provisions of law for the prevention of the traffic in intoxicating liquors for the term of two years."

The fine was paid and the peace recognizance given. Thereafter, at the September term 1911 of said court, Sturgis entered a plea of nolo contendere to a search and seizure process issued against him for a violation of a provision of law for the prevention of the traffic in intoxicating liquors, and was sentenced thereunder to pay a fine and costs which he paid. Thereupon, at said September term 1911 of said court, and after the conviction and sentence of said Sturgis in said search and seizure proceedings, he and his sureties in said peace recognizance were defaulted and this action of scire facias is brought to recover $1500 as the penalty of the recognizance.

It must be conceded that a voluntary engagement entered into on the part of a citizen with the State to keep the peace and be of good behavior and especially not to violate a particular law would not create an enforceable contract. Therefore, the real question presented in this case is, whether the recognizance was given in compliance with a lawful requirement therefor.

The statutory penalty for maintaining a liquor nuisance is as follows: "Whoever keeps or maintains such nuisance, shall be fined not less than one hundred dollars and not exceeding one thousand dollars, and imprisonment in jail not less than thirty days and not more than one year, and in default of payment of said fine an additional imprisonment of thirty days in jail." Section 2, c. 22, Revised Statutes as amended by Chapter 231, Laws, 1909.

It is also provided by Sec. 1, c. 136, R. S., that where the statute provides for punishment "by imprisonment and fine, or by impris-

onment or fine, or by fine and in addition thereto imprisonment," the sentence may be "to either or both." And 'Sec. 9, c. 136, reads as follows: "In addition to the punishment prescribed by law, the court may require any person convicted of an offense not punishable by imprisonment in the state prison, to recognize to the state, with sufficient sureties, in a reasonable sum, to keep the peace and be of good behavior for a term not exceeding two years, and to stand committed until he so recognizes."

Under these provisions of statute the court could have sentenced Sturgis for maintaining a liquor nuisance to a fine of not less than $100 nor more than $1000, or to imprisonment in jail for not less than thirty days nor more than one year, or to both fine and imprisonment. And, assuming that the provision of Sec. 9, c. 136 applies to this statutory offense, the court could have required, in addition to the punishment imposed, as prescribed by law, that Sturgis should recognize to keep the peace and be of good behavior for a term not exceeding two years, and to stand committed until he so recognized.

Before passing to the consideration of the construction of the sentence pronounced in this case, it may be well to note some principles applicable to judgments and sentences in criminal cases.

It is fundamental law that the sentence in a criminal case should be definite and certain, and not dependent on any contingency or condition. Bishop Crim. Proced. § 1309. Ency. Plead, and Pract. Vol. 19, p. 476 and cases cited. Cyc. Vol. 12, p. 779 and cases cited. Accordingly, where no statute is found to authorize it, a sentence in the alternative is bad for uncertainty. In *Brownbridge* v. *People,* 38 Mich., p. 753 the court, referring to Mr. Bishop, said: "He says that where there are no statutory provisions for sentences in the alternative, 'the judgment should be direct and unconditional and distinctly limited in its terms,' and the authorities he cites and many others fully sustain him."

In *State* v. *Hatley,* (N. C.) 14 S. E., 751, the court said: "It is earnestly insisted by counsel for the defendants that the judgment is an alternative judgment, and, as such, is void. Is it an alternative judgment? If so, the authorities are abundant to settle the question of its invalidity." Citing *Strickland* v. *Cox,* 102 N. C.,

411, 9 S. E., 414, where it is said: "Alternative or conditional judgments at law are void in civil as well as in criminal cases. *State* v. *Bennett,* 4 Dev. & B., 43; *State* v. *Perkins,* 82 N. C., 682." In *Miller* v. *City of Camden,* 63 N. J. L., 501, 43 Atl., 1069, 1070, the court said: "The sentence complained of is further objectionable, from a legal standpoint, by reason of its alternative character. It leaves it to the prosecutor (the convict) either to pay a fine or submit to a term of imprisonment as he may select." And in Ex parte Martini (Fla.) 2 So., 689, 690 it was said: "If the sentence is to be considered as inflicting in the alternative a fine of $100, or the performance of 60 days' work on the public streets as the punishment adjudged for the offense, not only is the latter part of it wholly unauthorized as a punishment by the ordinance denouncing the offense, but the sentence is void for uncertainty. If it be left by the court to either the prisoner, or the ministerial officer of the court having him in charge, or to any one else, to say whether the prisoner shall pay a fine or do something else, then the court has not fixed the sentence, and we have no certain sentence of the court; and whichever of the two things may be done, is not done by virtue of any decision of the court as to which shall be done." We find no authorities to the effect that an alternative sentence is valid, except where it is authorized by statute. There is no statutory provision in this state for alternative sentences except that contained in Sec. 5, c. 136, R. S., which is that when a convict is sentenced to either of the work jails "the court or magistrate may in addition sentence him to the other punishment provided by law for the same offense, with the condition that if such convict cannot be received at the work jail to which he is sentenced, or if at any time before the expiration of said sentence, in the judgment of the inspectors of jails, he becomes incorrigible, or unsafe, they may order that he suffer such alternative sentence or punishment." That provision is special and limited; and its very enactment emphasizes the fact that alternative sentences without statutory authority therefor are unlawful.

Again, it is a well recognized principle, that after a sentence has been imposed the court has no authority to relieve the convict from its execution. The authorities draw a clear distinction

between the suspension of the imposition of a sentence and the indefinite suspension or remission of its enforcement. There is a conflict of authority as to the power of the court after a conviction to indefinitely postpone the imposition of the punishment therefor prescribed by law, but however the courts may differ as to such power, it is well established that the court cannot, after the judgment in a criminal case is rendered and the sentence pronounced, indefinitely postpone the execution of that sentence, or commute the punishment and release the prisoner therefrom in whole or in part. Of course it is not to be understood that the court has not the power to temporarily postpone the execution of its sentence pending an appeal and other proceedings to obtain a new trial or review of the judgment, and in cases where cumulative sentences are imposed, and perhaps in some cases of great necessity and emergency. And the power of the court to correct errors in its judgment, and to change its sentence, during the term at which it is imposed and before its execution has begun, is another and different matter. The act which the authorities hold that the court has not the power to do, is not the act which stays the execution of its sentence in order that the convict may exercise his legal rights to obtain a reversal or modification of the judgment against him, and not the act done to correct its sentence so that it shall be in accord with its final and lawful judgment, but the act done for the purpose of exonerating the convict, in whole or in part, from the final and lawful judgment and sentence of the law which has been imposed upon him. That is the power to pardon, to commute penalties, to relieve from the sentences of the law imposed as punishments for offenses against the State, which power has not been given to the courts, but confided exclusively to the Governor of the State, with the advice and consent of the Council. Const. Maine, Art. V., part First, Sec. 11.

It may be unnecessary to cite authorities in support of this principle, that after sentence has been pronounced in a criminal case the court cannot as a matter of leniency to the convict, do that which would in effect cancel the sentence and reprieve or pardon the offender in whole or in part.

In the recent case, *Tuttle* v. *Lang,* 100 Maine, 123, the defendant

was sentenced to fine, costs and imprisonment, but with the proviso that no mittimus in execution of the sentence should . issue until the petitioner should again be guilty of selling intoxicating liquors. Nearly two years afterward a mittimus was issued under that sentence and he was committed thereon. The court said: "If after conviction and sentence any court, whether of general or limited jurisdiction, permits the convict to go at large without day, it can never thereafter issue a mittimus for his commitment. In such case, having completed its judicial functions, it has voluntarily surrendered all further control over the case and person." Citing, Ex parte Gordon, 1 Black, 303; In re Webb, 89 Wis., 354; *People* v. *Brown,* 54 Mich., 15; *State* v. *Voss,* 80 Iowa, 467; *People* v. *Barrett* 202 Ill., 287. While the precise question decided in *Tuttle* v. *Lang* was that a convict who had been sentenced and then permitted to go without day could not be subsequently committed under the original sentence, yet that decision is necessarily grounded in the fundamental principle that after a sentence is imposed the court has no power to indefinitely suspend its execution.

It has already been suggested that the court may temporarily suspend the execution of its sentence to enable the defendant to prosecute authorized proceedings to reverse or modify the judgment against him, also in cases where cumulative sentences are imposed, and probably in some cases of extreme necessity therefor. And it will be found we think that most of the cases occasionally cited in support of the proposition that the court has power to suspend the execution of its imposed sentence are clearly within some of these classes of permissible temporary suspensions. We shall not attempt here to review those cases. Many of them were cited in behalf of the State in the quite recent case, Ex parte Clendenning, 22 Okl., 108, 97 Pac., 650, 19 L. R. A., (N. S.) 1041, and the court there exhaustively reviewed and analyzed them, finding that none of them (except *Sylvester* v. *State,* 65 N. H., 193) is to be regarded as an authority in point that the court has power to indefinitely postpone the execution of its imposed sentence. And we do not think that *Sylvester* v. *State,* supra, holds that such a stay of execution of sentence is lawful. The Clendenning case is on all fours with that of *Tuttle* v. *Lang,* and the decision was the

same.  Referring to the authorities the court there said:  "Every case wherein the question is squarely presented and passed upon, and the courts have given it the care and attention its importance deserves, holds, practically without dissent, that in passing sentence on a person convicted of an offense the court has no power to provide that the imprisonment of the defendant shall begin at some future, indefinite time, depending on the happening of a contingency."

The case of re Webb, 89 Wis., 354, 27 L. R. A., 356, was one where the petitioner was convicted of the crime of adultery and was sentenced to pay a fine of $200 and to be committed to the common jail for six months.  He paid the costs and the court directed "that the sentence of imprisonment be suspended until the further order of court."  After the expiration of that term, and after six months had expired he was ordered to comply with the sentence, and the court, in holding that the judgment of the court committing him was void, said:  "While it may be said that the defendant is in no position to complain or take advantage of the clemency of the court, the question at issue is one of power, involving serious considerations of public policy respecting the administration of criminal justice.  After the defendant had been convicted, and the sentence of the law in legal and proper form had been pronounced against him, it is difficult to understand upon what principle the court could further interfere in the premises.  The right of the court, for cause, within the exercise of a reasonable discretion, to postpone sentence or suspend sentence, as it is said, seems to be clear; but we think, both upon principle and authority, its right to suspend the execution of the sentence after it has been pronounced cannot be sustained, except as incident to a review of the case upon a writ of error, or upon other well established legal grounds."

In re Strickler, 51 Kan., 700, 33 Pac., 620, the defendant was sentenced to imprisonment, and it was "further ordered by the court that the operation of this sentence shall be suspended during such time as the defendant shall keep the peace with all mankind, and desist from all unnecessary use of intoxicating liquor, and refrain from becoming intoxicated."  The court held the stay of

the execution of the sentence "wholly unauthorized by law." See also re Bloom, 53 Mich., 597, 19 N. W., 200; re Markuson, 5 N. D., 180, 64 N. W., 939, *Tanner* v. *Wiggins,* (Fla. 1907) 45 So., 459. In the last case cited, the defendant was sentenced to imprisonment for 12 months with the following stipulation: "It is further ordered that on payment of $50 and costs the above sentence will be suspended during such time as defendant abstains from selling, by himself or others, any spirituous, vinous, or malt liquors, or from staying or being where any such liquors are sold, or from maintaining, keeping or being interested in any place of business or institution where any of such liquors are sold or kept." The court held the attempted suspension of the execution of the sentence to be a nullity. The citation of authorities need not be multiplied, for they are in substantial harmony in holding that where the court has pronounced the sentence of the law against one convicted of a criminal offense, it then has no power (unless so authorized by statute) to make any order, the effect of which would be to indefinitely suspend the execution of that sentence, or to nullify it upon the happening of a contingency, or upon the performance of some condition by the defendant at his option, and that any such order is void and any bond or recognizance given in pursuance of such order is also void.

It may not be entirely clear as to what should be the construction of the sentence under consideration in the case at bar.

The language used, "Sentence: Fine $1000 and in addition imprisonment at hard labor in jail for the term of six months, and in default of payment of fine thirty days additional in jail," must, we think, be construed as an actual imposition of a sentence authorized by statute for the offense of which the defendant stood convicted. If the additional words, "the imprisonment part of the penalty to be cancelled on payment of the fine, if respondent shall recognize," etc., are to be construed as imposing a further sentence to be accepted or rejected at the option of the defendant in lieu of the imprisonment part of the original sentence, then we are constrained to hold that the sentence was unauthorized and void because in the alternative, and therefore not definite and certain as required by law. If on the other hand those additional words are

to be construed (and this seems to us to be the meaning intended) as a condition stipulated by the court, the performance of which by the defendant, at his option, should relieve him from the imprisonment part of the sentence imposed upon him, then it must be held that the court had no power to so stipulate, and, accordingly, that the recognizance given in carrying out that stipulation was void.

It follows, therefore, as the opinion of the court that the recognizance to enforce which this action is brought was not given in compliance with a lawful requirement therefor, and for that reason is not enforceable.

*Judgment for the defendants.*