## WAGNER et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 9, 1925. Rehearing Denied March 16, 1925.)

No. 4261.

**1. Criminal law ⬱995(4)—Sentence imposing fine, with alternative of imprisonment, if fine is not paid, held void for uncertainty.**

A sentence imposing a term of imprisonment and a fine, with the alternative, if fine is not paid, for further imprisonment, is void for uncertainty.

**2. Criminal law ⬱995(4)—Sentence void, where void under one of two or more constructions equally admissible.**

If a sentence is susceptible of two or more constructions, one of which makes sentence void, the sentence is void.

**3. Criminal law ⬱995(5)—Form of sentence, where imprisonment imposed on nonpayment of fine, stated.**

Where a fine is imposed, the court may or may not imprison until the fine is paid; but, if it does imprison, the form of the sentence should be that the defendant be imprisoned until the fine is paid, or until he be otherwise discharged by due course of law, in view of Rev. St. § 1042 (Comp. St. § 1706).

In Error to the District Court of the United States for the Southern Division of the Northern District of California.

A. E. Wagner and Art Matthiesen pleaded guilty to charges of maintaining liquor nuisance, and of unlawfully possessing and selling intoxicating liquor, and after sentence they bring error. Affirmed.

Marshall B. Woodworth, of San Francisco, Cal., and E. E. Gehring, of Oakland, Cal., for plaintiffs in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before GILBERT, RUDKIN, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error pleaded guilty to an information, in three counts, which charges them with willfully and unlawfully maintaining a nuisance, willfully and unlawfully possessing certain intoxicating liquors, and willfully and unlawfully selling certain intoxicating liquor. Upon their plea of guilty the court sentenced them to be imprisoned for a period of three months, and that they each pay a fine of $500, or, in default thereof, that they each be imprisoned for a period of 5 months in the county jail. The assignments of error bring in question only the legality of the sentence, in that it provided that, in default of the payment of the fine, the plaintiffs in error be imprisoned 5 months in the county jail, and the subsequent refusal of the court to modify the sentence. On the presentation of the case in this court, however, the plaintiffs in error raised the additional question of the jurisdiction of the court below, on the ground that the information was not based on probable cause, as required by the Fourth Amendment to the Constitution, nor upon a finding of probable cause by any court, judge, or commissioner, nor upon any preliminary hearing to ascertain whether there was probable cause.

This and other courts have held that the verification of an information is not required by any statute, and that it is only where the issuance of a warrant of arrest is sought upon this information that there must be an affidavit of one who knows the facts. Weeks v. United States, 216 F. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524; Brown v. United States, 257 F. 703, 168 C. C. A. 653; Carney v. United States (C. C. A.) 295 F. 607; Farinelli v. United States (C. C. A.) 297 F. 198. Here there is no question of the legality of a warrant of arrest, nor does it appear from the transcript that any such warrant was ever issued or applied for. All that appears is that the plaintiffs in error were arraigned and that they pleaded guilty.

As against the legality of the sentence, it is contended that the trial court could not lawfully adjudge that the plaintiffs in error be imprisoned for 5 months in case of their failure to pay the fine which was imposed upon them, and the erroneous position is taken that, because section 1042 (Comp. St. § 1706) provides that, when a poor convict sentenced to pay a fine has been imprisoned 30 days for the nonpayment of the fine, he may take the pauper's oath and be discharged from custody, a sentence of imprisonment for 5 months is not permissible. But clearly section 1042 places no limitation upon the power of the court in imposing sentence, nor, in fact, is any right secured to the prisoner by section 1042 interfered with or impaired by a sentence for a longer period than 30 days in case of failure to pay a fine. Section 1041, Rev. Stats. (Comp. St. § 1705), authorizes imprisonment until the fine or penalty imposed be paid, and under that statute it is discretionary with the court whether or not it will order the defendant into custody until the fine is paid. Matter of Jackson, 96 U. S. 727, 84 L. Ed. 877; Ex parte Barclay (C. C.) 153 F. 669; Hardesty v. United States, 184 F. 269, 106 C. C. A. 411. But it is obvious that by no

sentence imposed by the court, whether it be that the defendant be imprisoned until the fine is paid, or that in default of payment of the fine he be imprisoned for a designated period, can the defendant be deprived of his right under section 1042 to apply for and obtain discharge at the expiration of 30 days on the grounds set forth in the statute. We find no error.

The judgment is affirmed.

RUDKIN, Circuit Judge (concurring). The form of sentence in this case is:

"It is therefore ordered and adjudged that the said A. E. Wagner and Art Matthiesen each be imprisoned for the period of three (3) months, and that each pay a fine in the sum of five hundred ($500) dollars, or, in default of the payment thereof, defendant so in default be further imprisoned for the period of five (5) months."

I concur in the foregoing opinion solely because of the construction there placed on the sentence before us. To avoid any future misunderstanding, however, I desire to say that the construction thus given is not the natural one, if, indeed, it is a permissible one. It seems to me the opinion construes the sentence according to its legal effect, and not according to its terms. The plain import of the language used is that, in case of default in the payment of the fine, the defendant so in default be further imprisoned for the period of 5 months, regardless of section 1042 of the Revised Statutes, and regardless of any other consideration. And in this connection we are not without the most cogent proof as to the views of the court below. Thus, in the matter of the application of Alfred Anzani for a writ of habeas corpus, No. 18335, in the District Court, the form of the sentence was identical with the sentence in this case, both as to the amount of the fine and the terms of imprisonment. After having served out the full term of imprisonment imposed by the court and 30 days additional, the petitioner there applied to a United States commissioner for his discharge under section 1042 of the Revised Statutes. The discharge was refused upon the sole ground that by the terms of the sentence the petitioner was to

3 F.(2d)—55

be imprisoned for the further period of 5 months, in case of default in the payment of the fine, and was therefore not entitled to a discharge under section 1042, supra. Application was thereupon made to the learned judge of the court below for a writ of habeas corpus, but the writ was denied, the court saying:

"The judgment in each of these cases is a term of imprisonment, and a fine with the alternative, if fine is not paid that he shall be further imprisoned."

As thus construed, the latter part of the sentence is clearly void for uncertainty.

"In the absence of a statute authorizing it, a sentence directing the alternative punishment of fine or imprisonment is void for uncertainty." 16 C. J. 1304.

To the same effect, see Ex parte Martini, 23 Fla. 343, 2 So. 689; State v. Sturgis, 110 Me. 96, 85 A. 474, 43 L. R. A. (N. S.) 443; Brownbridge v. People, 38 Mich. 751; Donnoly v. People, 38 Mich. 756; People v. Carroll, 44 Mich. 371, 6 N. W. 871; Turner v. Smith, 90 Mich. 309, 51 N. W. 282; Miller v. City of Camden, 63 N. J. Law, 500, 43 A. 1069; Roop v. State, 59 N. J. Law, 487, 34 A. 885; State v. Perkins, 82 N. C. 682; In re Deaton, 105 N. C. 59, 11 S. E. 244.

[1-3] If the construction given the sentence by the court below is the correct one, the sentence is void; and, if two or more constructions are equally admissible, it is likewise void. Where a fine is imposed, the court may or may not imprison until the fine is paid; but, if it does imprison, the form of the sentence should be that the defendant be imprisoned until the fine is paid or until he be otherwise discharged by due course of law.

I presume the United States commissioner will accept the construction placed upon the sentence by this court as against the construction heretofore placed on similar sentences by himself and by the court below, and that he will discharge the plaintiffs in error at the proper time on a proper showing. But, if he fails to do so, no harm can result, because they will be entitled to an immediate discharge on habeas corpus.

I am authorized to say that Judge MORROW concurs in this opinion.