Ex parte BARCLAY.

(Circuit Court, D. Maine. May 29, 1907.)

No. 50.

FINES—ENFORCEMENT—IMPRISONMENT.

Rev. St. § 3062 [U. S. Comp. St. 1901, p. 2007], provides that if any person who may be driving or conducting or in charge of any carriage, vehicle, or beast, or any person traveling shall willfully refuse to stop and allow search and examination to be made by United States revenue officers for goods imported without payment of duty, when required to do so, he shall be punished by a fine of not more than $1,000 nor less than $50. *Held* that, where a fine imposed under such section was not paid, the court had common-law jurisdiction, according to local usage since the original judiciary act, to commit the defendant to jail until the fine was paid or he should be otherwise discharged according to law.

Frederick W. Hinckley, for petitioner.
Robert T. Whitehouse, U. S. Dist. Atty., for the United States and William M. Pennell, sheriff and jailer.

PUTNAM, Circuit Judge. The petitioner was tried and convicted in this court under section 3062 of the Revised Statutes [U. S. Comp. St. 1901, p. 2007]. The only penalty imposed for the offense is a fine of not more than $1,000 nor less than $50. No penalty of imprisonment is provided. The sentence imposed, or the order incorporated therewith, directed in the usual form that, in default of payment of the fine, Barclay should stand committed to jail until the fine should be paid or he should be otherwise discharged according to law.

The mittimus or warrant followed the sentence in this respect. Thereupon this application was filed for a writ of habeas corpus to issue to the jailer; and, on perusing the petition, the court ordered notice to show cause to issue, with a further notice to the attorney of the United States for this district. On the return day the attorney for the United States appeared and filed a motion to dismiss on the ground that the petition failed to show sufficient facts to justify the issuance of the writ, and, further, answered to the merits, accompanying the answer with an agreed statement, which answer and agreed statement were allowed to be filed without prejudice to the motion to dismiss. As the motion to dismiss did not touch the jurisdiction of the court, we proceeded immediately to consider the merits.

The petitioner rested his case on the proposition that neither section 3062 of the Revised Statutes, nor any other statute of the United States, authorized the court to enter the order or judgment it did enter in default of the payment of the fine, and that the only method of collecting the fine, if not paid, was by an execution, as authorized by section 1041 of the Revised Statutes. So far as any express statutory phraseology is concerned, this proposition is correct. Also it is correct that, with regard to substantial matters, criminal proceedings in the Circuit Court must find a foundation in some express provision of an act of Congress. Of course, it is conceded that a statutory implication may have the force of express phraseology. On the other hand, it is the recognized rule of the Supreme Court that, where there is no statute regulating the criminal practice and proceedings of the federal courts, they may adopt, and perhaps for the most part must adopt, the forms of practice and proceedings which were fully authorized within the territory constituting the district in which the court sits at the time of the enactment of the original judiciary act. Inasmuch as the alternative form of sentence or order, whichever it may be, which was used by the court in this case, was in conformity with the practice and forms of proceedings prevailing wherever the common law prevailed in the United States at the time of the passage of the original judiciary act, this alternative form has been constantly used in the Circuit Courts and District Courts of the United States. Of course, if it was a new question, it might well be said that there was some doubt whether so substantial a matter as this came within the rule of the Supreme Court in this particular as to the local practice and proceedings in criminal matters. It might well be said that it was of so substantial a character that it should be found to rest on some federal statute or could not be sustained. However, we cannot disregard the settled judicial usage of more than 100 years; and, in addition thereto, while all other citations brought to our attention by the petitioner and the United States are dicta pro and con, Jackson, Petitioner, 96 U. S. 727, 728, 737, 24 L. Ed. 877, seems to be directly in point in favor of the regularity of the proceedings to which this petition relates. That case grew out of a prosecution under section 3894 of the Revised Statutes, which, so far as we are concerned, is in the same form as the section proceeded on here. The point now made was made by the petition in Jackson, Petitioner. It was not argued, so far as the re-

port discloses, by either party, and therefore it may be assumed to have been abandoned by the petitioner. · Nevertheless it was apparently squarely ruled in favor of the United States at page 737 of 96 U. S. (24 L. Ed. 877).

In addition to the above, turning to sections 1041 and 1042 of the Revised Statutes, which are re-enactments of Act June 1, 1872, c. 225, 17 Stat. 198 [U. S. Comp. St. 1901, p. 724], constituting the first statutory provision claimed by either party to bear on this topic, while it may well be claimed that the provisions of these two sections do not necessarily recognize the practice of the federal courts in the particulars which we have stated, yet the fair construction of them is to the effect that they impliedly and fully confirm it. We are compelled to refuse the petitioner any relief.

The petition is dismissed.