JOHN A. LUTHER v. STATE OF NEBRASKA.

FILED DECEMBER 23, 1909. No. 16,245.

Criminal Law: MISDEMEANORS: FINES: IMPRISONMENT. When the district court assesses a fine in a misdemeanor case, it may, in its discretion, order the defendant to remain in the county jail until the fine and costs are satisfied. If no such order is made, the clerk has authority to issue an execution commanding the sheriff to collect the fine and costs by a levy upon and a sale of defendant's goods and chattels, and, for want thereof, to levy upon defendant's body and commit him to the county jail, there to remain until the fine and costs shall be paid, secured to be paid, or otherwise discharged according to law.

ERROR to the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Petition in error dismissed.*

*John Everson,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra,*

ROOT, J.

November 14, 1906, plaintiff in error was fined $500 and the costs of prosecution for violating the Slocumb law. Upon appeal to this court that judgment was affirmed. 83 Neb. 455. The district court upon receipt of our mandate ordered an execution issued, to be levied upon defendant's goods and chattels, and, for want thereof, upon his body, for the satisfaction of the judgment. The writ was issued and Luther committed to jail, and he again appeals to this court, contending that, since the district court, in 1906, did not order him to remain in jail until the judgment was satisfied, it could not thereafter direct his restraint for the satisfaction of the judgment. The criminal code provides: Section 497: "Whenever a fine shall be the whole or part of a sentence, the court may, in its discretion, order that the person sentenced shall remain confined in the county jail, until the amount of such fine and costs are paid." Section 500: "In all cases wherein courts or magistrates have now or may hereafter have the power to punish offenses, either in whole or in part, by requiring the offender to pay a fine or costs, or both, the said courts or magistrates may make it a part of the sentence that the party stand committed and be imprisoned in the jail of the proper county until the same be paid, or secured to be paid, or the defendant is otherwise discharged according to law." Section 521: "In all cases of misdemeanor in which courts or magistrates shall have power to fine any offender, and shall render judgment for such fine, it shall be lawful to issue executions for the same, with the costs taxed against said offender, to be levied on the goods and chattels of any such offender, and, for want of the same, upon the body of said offender, who shall thereupon be committed to the jail of the proper county until said fine and costs be paid, or secured to be paid, or the offender be otherwise discharged according to law." Section 525 makes it the duty of the clerk of the district court to issue executions for the collection

of all unsatisfied and unreplevied judgments for fines and costs. Sections 500 and 521, *supra*, were evidently copied, in substance, from the Ohio criminal code. Warren, Ohio Cr. Law (1870) pt. 1, ch. 2, secs. 35, 36.

*In the Matter of Beal*, 26 Ohio St. 195, it is held that the statute relating to executions refers to all cases where a fine has been imposed. We are of opinion that a like construction should be given our code. Section 497, *supra*, enacts that the court, in its discretion, may order that the defendant "shall *remain*" in the county jail until the fine and costs are paid. If it were the intention of the lawmakers to exempt a defendant from bodily restraint, unless the court ordered him to remain in custody, section 521, *supra*, in so far as it provides that an execution for the collection of a fine and costs shall command the sheriff to levy upon the defendant's body in case goods and chattels cannot be found for the satisfaction of the judgment, is surplusage. The more rational conclusion seems to be that the district court, in its discretion, may permit a defendant, against whom a fine is assessed, to depart the court until such time as the clerk shall issue and the sheriff serve an execution for the collection of the fine and costs. The fact that the district court in the first instance did not order plaintiff in error to remain in the county jail until his fine and the costs taxed were satisfied does not exempt him from subsequent arrest upon an execution issued by the clerk. The second order made by the district court was unnecessary, but it does not prejudice plaintiff in error.

The petition in error is therefore

DISMISSED.