GREEN v. PEAK.

No. 5776.

Court of Appeals of the District of Columbia.

Argued Jan. 3, 1933.
Decided May 22, 1933.

W. B. O'Connell, of Washington, D. C., for appellant.

L. A. Rover and C. B. Murray, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from an order of the Supreme Court of the District of Columbia quashing a writ of habeas corpus and dismissing the petition therefor.

The appellant was convicted in the police court of the District of Columbia of unlawful possession of intoxicating liquor and sentenced to pay a fine of $500, or, in default thereof, to serve 180 days in the district jail, and, the fine not being paid, he was committed.

Disregarding the exact dates, which are variously stated in the record and briefs, it is conceded that, after spending more than 30 days in jail, the prisoner applied in proper form to the United States commissioner for release under section 641, title 18, U. S. Code (18 USCA § 641), providing for the release of indigent prisoners under sentence of fine.

The release was denied, the writ was granted, and from the order quashing the writ we have this appeal.

So far as pertinent, section 641 provides that a convict sentenced by any United States court to pay a fine, after serving 30 days solely for nonpayment thereof, can apply to a United States commissioner to determine his inability to pay, and, if that be found, the

commissioner shall administer to him an oath that he has no property above $20 not exempt on civil process by local law, whereupon he shall be discharged.

The appellant contends that, had he been tried in the Supreme Court of the District of Columbia, which has concurrent jurisdiction of his offense, the Indigent Prisoners' Act (18 USCA § 641) would have been open to him, and that his imprisonment has in effect been extended sixfold by the election of the district attorney to try him in the police court.

Besides denying generally this contention, the government replies that a provision of the District of Columbia Code (1929, title 18, chapter 4, § 165), relating to the jurisdiction of the police court, provides that, in all cases where that court shall impose a fine, it may in default of payment commit for such a term as the court thinks proper not to exceed one year.

We have thus brought into question two federal statutes of national scope and application, namely, the National Prohibition Act (27 USCA § 1 et seq.) and the Indigent Prisoners' Act, together with a local statute applying to the police court of the District of Columbia alone, upon which the prosecuting officers contend, on the familiar doctrine of a special statute controlling a general act touching the same subject matter, that the local act controls the situation here presented; that a defendant convicted of such a violation of the National Prohibition Act in this police court may in effect be punished by a year's imprisonment for an offense carrying no imprisonment under the prohibition law, and from which the Indigent Prisoners' Act cannot relieve him, because in form the imprisonment results from default in the fine and not from violation of the statute.

But these statutes are all acts of Congress, passed at various times, with different purposes in view, and we cannot think it was the intention of Congress to create such a situation as this case presents, or to permit a greater punishment to follow in this local court than elsewhere from a conviction under the National Prohibition Act.

And the anomaly is heightened by the concurrent jurisdiction of the Supreme Court of the District of Columbia and the police court. For a defendant in such a charge may be brought to trial in either court at the election of the district attorney. If he elects to proceed in the higher court of general jurisdiction, an indigent convict imprisoned for default in his fine may be relieved under section 641; while, if he proceeds in the lower court created for the summary trial of petty local offenses, the indigent defendant may find himself in jail for a year, and beyond the help of section 641. In our opinion, such a result was not within the intention of Congress, and does not necessarily follow from a consideration of the statutes involved. For, if the police court of the District of Columbia is a court of the United States for the trial and conviction of offenders against the National Prohibition Act, it should also be treated as a court of the United States for the relief of such convicts under the provisions of National Indigent Prisoners' Act.

When the National Prohibition Act made criminal certain acts not theretofore criminal, and resulted in bringing concurrent jurisdiction of such matters to these two courts, and prescribed the penalties they shall impose, we think such jurisdiction is concurrent as to punishment as well as to trial; and that the means of relief against the enforcement of such punishment given by general acts of Congress must be open to persons convicted in one of these courts as much as to the other.

For satisfaction of their fines, the courts have the alternative of execution against property not legally exempt, or commitment of the defendant until payment, or until he be otherwise discharged according to law. Pierce v. U. S., 255 U. S. 401, 41 S. Ct. 365, 65 L. Ed. 697; Ex parte Barclay (C. C.) 153 F. 669; Clark v. Allen (D. C.) 114 F. 374; In re Greenwald (C. C.) 77 F. 590, 594.

Such execution was provided for the government by section 569, title 18, U. S. Code (18 USCA § 569), while the defendant's property exemption and the conditions entitling him to discharge are provided by section 641. Fink v. O'Neil, 106 U. S. 272, 1 S. Ct. 325, 27 L. Ed. 196. From these considerations it follows that, while appellant should have been committed until his fine was paid, or until he was otherwise discharged according to law, rather than for 180 days, he was nevertheless entitled to the hearing before the commissioner provided by section 641, and to any further relief thereunder which that hearing might show to be justified. Wagner v. U. S. (C. C. A.) 3 F.(2d) 864; Chapman v. U. S. (C. C. A.) 10 F.(2d) 124. Consequently the order appealed from must be reversed and the cause remanded, with instructions to the trial court to grant the writ unless the commissioner forthwith complies with the statute by granting a hearing to the petitioner, who is at liberty on bond pendente lite.

In U. S. v. Mills, 11 App. D. C. 500, decided in 1897, this court held that the Indigent Prisoners' Relief Act of that time did not apply to the police court in respect of a sentence for larceny, and of course we do not now hold that section 641 of title 18 of the U. S. Code (18 USCA § 641), the present Indigent Prisoners' Act, has any application in such a matter or to the local jurisdiction of the police court under local statutes or municipal regulations.

Reversed and remanded.