STATE, EX REL. CHARLES MARASCO, APPELLANT, V. HARRY MUNDELL, APPELLEE.

FILED OCTOBER 4, 1934. No. 29006.

*Lovely & Lovely* and *William P. Nolan,* for appellant.

*Ralph J. Nickerson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and YEAGER, District Judge.

GOOD, J.

This is a habeas corpus proceeding, in which relator appealed from a judgment denying him relief.

The record shows that relator and one Oddo were each charged in an information, consisting of three counts, each charging a violation of the liquor law. Oddo pleaded guilty to one count, and relator pleaded guilty to all three counts. Oddo was sentenced to pay a fine of $100. Relator was sentenced "to pay a fine of five hundred dollars ($500) and that he be imprisoned in the county jail of Sarpy county 30 days and * * * pay one-half the costs of this prosecution taxed at $107.45. Said defendants are remanded to the custody of the sheriff to carry out this sentence and judgment." The minimum penalty for the offense to which relator pleaded guilty is $500 fine and 30 days in jail. Comp. St. 1929, sec. 53-116.

Relator has served more than the 30 days in jail and contends that his further imprisonment is unlawful, in that the judgment did not require his confinement in jail until his fine and costs were paid, and that he could not be lawfully imprisoned for nonpayment of the fine unless execution had first been issued and returned unsatisfied and his body seized and placed in jail for the nonsatisfaction of the execution. It is the state's contention that the judgment, while not in the exact language of the statute, is equivalent to a provision requiring relator to be confined in jail until his fine and costs are paid.

Section 29-2203, Comp. St. 1929, provides: "Whenever a fine shall be the whole or part of a sentence, the

court may order that the person sentenced shall remain confined in the county jail until the amount of such fine and costs are paid." There is another provision by which the fine may thus be satisfied by one day in jail for each three dollars of the fine. Comp. St. 1929, sec. 29-2412.

It is conceded by relator that had the court sentenced him to be confined in the jail until his fine and costs were paid he would not be entitled to his discharge until he had served the full 30 days and one additional day for each three dollars of the fine and costs imposed upon him. If the judgment pronounced, in effect, requires this, then relator was not unlawfully deprived of his liberty, and is required to either pay the fine and costs imposed or remain in jail one day for each three dollars of such fine and costs. No execution would be necessary if the court, in its order, had directed the imprisonment of defendant until the fine and costs were paid. *Luther v. State,* 85 Neb. 674.

Section 26-1403, Comp. St. 1929, provides: "He (the sheriff) shall have charge and custody of the jail, and the prisoners of the same, and is required to receive those lawfully committed, and to keep them himself, or by his deputy jailer, until discharged by law."

Section 47-105, Comp. St. 1929, *inter alia,* provides: "The sheriff * * * shall have charge of the county jail of his proper county, and of all persons by law confined therein, and such sheriff * * * is hereby required to conform, in all respects, to the rules and directions of the district judge."

While the sentence and judgment pronounced are not in the precise form required by statute, it is significant that the language of the judgment is that relator was remanded to the custody of the sheriff to carry out the sentence and judgment. The only way the sheriff could carry into effect that part of the judgment imposing a fine was to keep the relator confined in the jail until he had either paid the fine or remained there for a suffi-

cient time to satisfy the fine at the rate of three dollars a day. The judge who heard this cause is the same one who pronounced the judgment in the criminal action.

We are of the opinion that it was the intention of the trial court that relator should be confined in the county jail until his fine and costs were paid or otherwise discharged. Relator has not paid his fine; nor has he served a sufficient time to discharge it. He is not entitled to his discharge.

The conclusion reached renders it unnecessary to consider other questions raised in the briefs. Judgment
AFFIRMED.