## UNITED STATES v. WAMPLER.
### No. 17112.

District Court, D. Maryland.
April 24, 1935.

See, also (D. C.) 5 F. Supp. 796.

T. Morris Wampler, in pro. per.

CHESNUT, District Judge.

The defendant in this case is now confined in the United States Northeastern Penitentiary at Lewisburg, Pennsylvania, in consequence of a conviction in this court for violation of income tax laws (USCA, title 26, § 2146). The jury found a verdict of guilty under the first and second counts of the indictment and on December 28, 1933, the defendant was sentenced to 18 months in the penitentiary and to pay a fine of $5,000 on each count, the terms of imprisonment to run concurrently and the fines to be cumulative. The commitment issued by the clerk on the same day, in customary form, included the provision with regard to the fine that *"he stand committed until payment of said fines and costs, or until discharged by due process of law."* The defendant has now filed a petition in proper person, in which he prays that the record and commitment may be corrected nunc pro tunc to conform to the sentence as pronounced by the court, by striking therefrom the above quoted provision with regard to the fine. The point is made that the sentence orally rendered in court did not *expressly* direct that the defendant should stand committed until the fines were paid; and therefore it is contended that the clerk acted without authority in inserting this provision as a part of the judgment recited in the commitment.

The petition raises an important and, in this district at least, a novel question of

practice and procedure with regard to the enforcement of fines in criminal cases in the federal courts. It is desirable therefore to state the prevailing practice and review the applicable law with some fullness.

The enforcement of sentences and judgments for fines in criminal cases is regulated by title 18 USCA §§ 569 and 641 (R. S. §§ 1041, 1042), both derived from the Act of June 1, 1872, c. 255, 17 Stat. 198. Section 569 provides that fines imposed in criminal cases may be collected by execution as in civil cases; but where the judgment directs imprisonment until the fine is paid, execution shall not operate to discharge the defendant from imprisonment until the fine is paid. But, section 641 provides that when a poor convict has been imprisoned for 30 days in consequence of the nonpayment of fine, he may be discharged upon taking the oath in the form prescribed as to lack of property. It will be noted that neither section expressly provides for imprisonment for nonpayment of fine but it is clearly implied that this is authorized and it has been uniformly so held. Ex parte Jackson, 96 U. S. 727, 737, 24 L. Ed. 877; In re Greenwald (C. C. Cal. 1896) 77 F. 590; Ex parte Barclay (C. C. Me. 1907) 153 F. 669; Haddox v. Richardson (C. C. A. 4) 168 F. 635; Allen v. Clark (C. C. A. 4) 126 F. 738; Chapman v. United States (C. C. A. 5) 10 F.(2d) 124, certiorari denied 271 U. S. 667, 46 S. Ct. 482, 70 L. Ed. 1141; United States v. Pratt (D. C. N. H.) 23 F.(2d) 333. This was also the customary practice at common law. I Chitty's Criminal Law (4th Am. Ed. 1841) side pages 809, 810; Bishop's New Criminal Procedure, vol. II, § 1801; Ex parte Watkins, 7 Pet. 568, 8 L. Ed. 786 (dealing with the early Maryland law and practice). This is recognized in some of the federal cases above referred to. In applying these federal statutes it has been held the district court does not have the authority to impose a specific term of additional imprisonment in default of payment of the fine [Chapman v. United States (C. C. A. 5) 10 F.(2d) 124]; and apparently until the passage of the Act of Congress of 1872 (supra) the commitment theoretically at least was until the fine was paid. See Ex parte Watkins, supra. In many and probably most of the States, the duration of the imprisonment for nonpayment of fine is expressly regulated by statute, as in Maryland, Code Pub. Gen. Laws 1924, art. 38, § 3; Dean v. State, 98 Md. 80, 56 A. 481; Callahan v. State, 163 Md. 298, 302, 162 A. 856. And

where the sentence includes a specific term of imprisonment and in addition thereto a fine, imprisonment for nonpayment of the fine is to be in the same prison to which the defendant is sentenced on the term of imprisonment. Haddox v. Richardson (C. C. A. 4) supra; and it has also been held and is, I believe, the general practice in this district that where several fines are imposed, at least on one indictment only, the defendant is entitled to be discharged on taking the oath after serving 30 days, and is not required to serve 30 days for each fine. Grier v. Kennan (C. C. A. 8) 64 F.(2d) 605.

It is not here contended by the defendant that the court was without power to imprison for nonpayment of the fine, but the point is made that the commitment issued by the clerk could not validly include the provision as to commitment for nonpayment of the fine, because the judge in orally stating the sentence did not expressly state that there should be commitment to prison in the event of nonpayment of the fine. It is said by the defendant that as the mode of enforcement of the fine could be either by imprisonment or by execution as in civil cases, it was discretionary with the court which mode of execution should be adopted and as imprisonment was not expressly specified, it must be considered to have been excluded. Wagner v. United States (C. C. A. 9) 3 F.(2d) 864; Boyd v. Archer (C. C. A. 9) 42 F.(2d) 43, 70 A. L. R. 1507. It is, however, entirely clear that the modes of enforcing the judgment for the fine, by execution or by imprisonment, were not alternative or mutually exclusive, one of the other, by the practice at common law, and section 569 expressly provides that the issuance of execution shall not be effective to discharge the defendant from imprisonment until the amount of the judgment is collected or otherwise paid, when the judgment directs imprisonment. In the present case it does not appear that execution has ever been issued nor that the sentence of the court made any reference thereto, nor that anything occurred from which it could be inferred that it was the intention of the judge in pronouncing the sentence to exclude the usual course of imprisonment for nonpayment of the fine.

The contention now made runs counter to the long established and invariable practice of this court. The memory of certain of the court officials extends over a period of more than forty years. During this time it has never been the practice for the judge

in sentencing a defendant to the payment of a fine in a criminal case, either with or without a specific term of imprisonment as authorized by the particular statute violated, to expressly direct that the defendant shall stand committed to prison until payment of the fine or until discharged in due course of law; but nevertheless it has been the invariable practice and procedure in such cases (unless otherwise expressly directed by the judge) that the defendant has been in fact committed to prison for the nonpayment of the fine until discharged by taking the requisite oath. And this was the practice of the court until March 1924, even though the commitment issued by the clerk did not contain the express provision now sought to be eliminated in this case. I am informed by the clerk that in March 1924, some question having arisen as to the authority of the jailer to detain a prisoner for the nonpayment of fine in the absence of an express direction in the commitment to that effect, he was instructed to include this express provision in all subsequent commitments where fines imposed were not paid by the defendant (unless the judge otherwise directed), and this has been the invariable practice since then followed by the clerk with the approval of the district judges of this court. The judgment as entered on the docket by the clerk recites the term of imprisonment and the amount of the fine or fines, as announced in the sentence but does not recite the commitment in default of payment of the fine. This has been the long established practice, and was followed in this particular case.

█ The point now made assumes that there was no commitment by the court at the time of sentence; but this also ignores the customary practice as to what occurs and what did occur in this case. It should be said here that I imposed the sentence and have personal knowledge of what occurred, all of which was in accordance with the established and customary practice of the court. When the defendant is sentenced to pay a fine, if it is not at once paid, he is immediately taken into custody by the marshal or deputy marshal who is personally present at all sessions of the court when sentences are imposed in criminal cases. And this occurred in the present case. By long established practice in this court it is thoroughly understood by the clerk, the marshal, the judge and by members of the Bar generally that a sentence to pay a fine in a criminal case implies commitment of the defend-

ant until the fine is paid or he is otherwise legally discharged. And this is true whether the sentence does or does not include in addition to the fine a specific term of imprisonment. The defendant in this case was represented by highly competent and experienced counsel, a former Attorney General of the State, who was present when the sentence was announced. Commitment in fact in such cases to the custody of the marshal actually occurs even though that is not verbally in each case expressly directed by the judge unless, as occasionally occurs, in exceptional cases, the judge expressly otherwise directs as, for instance, where the defendant or his counsel may request indulgence for a short period of time to enable him to pay the fine, in which case, on some occasions, the defendant may be committed to the custody of his counsel pending the payment of the fine by the time stipulated; or the defendant may be released on his own recognizance.

The practice in this district is not different from the general federal practice in this respect, at least in this circuit, as appears from the statement of Judge Boyd, speaking for the Circuit Court of Appeals, in Haddox v. Richardson, 168 F. 635, 639, 640, as follows: "In the federal courts, when a fine is imposed or a convicted person adjudged to pay cost or both fine and costs without imprisonment, it is the usual and orderly course for the court to commit the person required to pay the fine, or fine and costs, to the custody of the marshal until the same is paid, and the marshal retains the custody by placing the person in the prison or jail, which is being used in connection with the court, there to remain until the fine, or the fine and costs, or both as the case may be, are paid, or until the person seeks advantage of the sections of the law to which we have above referred. * * * So far as we are advised, the practice has been uniform in the execution of the judgments of the courts of the United States that where a person is sentenced to a term of imprisonment, and also to pay a fine or cost, or fine and costs, that at the expiration of the term of imprisonment, and in default of the payment of the fine or cost, or the fine and costs, according to the terms of the sentence, such person is required to remain in the prison in which he has undergone his imprisonment for the time required by the statutes before he can take the insolvent oath, and this practice is in accordance with our understanding of the law."

612

It should also be said with regard to the customary practice that a substantially similar practice has long prevailed in the Criminal Court of Baltimore where it has not been customary for 40 years or more for the judge in imposing fines in criminal cases to expressly direct commitment although this is the invariable consequence of the sentence for payment of fines, unless it is otherwise directed by the judge at the time. While the Conformity Act does not of its own force regulate criminal procedure in the federal courts, nevertheless where there is no federal statute to the contrary, it is generally true that the federal procedure is materially influenced by state procedure. Ex parte Barclay (C. C.) 153 F. 669, 670. The Maryland statutes now in force are in Code Pub. Gen. Laws 1924, art. 38, which differs somewhat from the federal statutes above referred to.

In this connection it is also to be observed that Maryland is a so-called common law state; and that in common law cases (as distinct from equity, admiralty and bankruptcy) the judgments of this court and the actions taken in the progress of the case are reduced to writing on the dockets of the court by the clerk who in that respect acts as the hand of the court. Written judgments in civil suits at law are not customary in the practice in Maryland. And the dockets kept by the clerk in criminal cases reflect the state procedure in this respect.

The defendant's present contention is also, in my opinion, unsound because it confuses the punishment, imposed by the sentence, with the execution authorized by law to enforce it. In Grier v. Kennan, 64 F.(2d) 605, 608 (C. C. A. 8) it was said by Circuit Judge Van Valkenburgh: "It would appear from these quotations that the learned trial judge fell into the misconception that the imprisonment for a period of thirty days inhered in, and was a part of, the punishment imposed, whereas 'the punishment is the fine, and the committing to custody is only a means of its enforcement.' 16 C. J. § 3221, p. 1368." The proper function of the sentence pronounced by the judge is to determine the character and amount of the punishment but the execution or enforcement thereof is otherwise regulated by law. Thus, in imposing a sentence of imprisonment in federal practice at the present time the duration of the imprisonment and the character of the institution, as jail or penitentiary, in accordance with and as authorized by particular statutes, is announced orally, but under recent statutes the selection of the particular place of imprisonment is left to the discretion of the Attorney General who in practice gives general directions to the marshal of the district subject to change in particular cases. And so when fines are imposed it would seem to be unnecessary under the modern and long prevailing practice to orally announce the form of execution for the enforcement of the fine imposed, especially where there is, as was the case here, an actual present commitment in fact in open court where the defendant was taken in custody by the deputy marshal. Certainly the fact that the judge does not announce that the Government may have execution for the fine, does not preclude the Government from executing on the judgment as in civil cases. We are not dealing here with a case where the sentence to pay a fine is imposed on a defendant in his absence from the court at the time. While it appears this may validly be done in some cases it has not been the customary practice of the court to impose such sentences in the absence of the defendant. But where a judgment for a fine is given in the absence of a defendant or where the defendant present in court is sentenced to pay a fine but not actually given in custody to the marshal by the authority of the presiding judge, it does not follow that imprisonment for the fine cannot thereafter be validly imposed. Thus, it appears from Ex parte Watkins, supra, that according to the practice at common law and the early Maryland practice, somewhat affected by the act of 1777, where a defendant was sentenced to a term of imprisonment and additionally to the payment of a fine without commitment for nonpayment of the fine, the United States Attorney could thereafter properly, before the completion of the sentence of imprisonment, sue out a writ of capias ad satisfaciendum pro fine under which the defendant could be brought into court and recommitted for the nonpayment of the fine. See, also, Hardesty v. United States, 184 F. 269, 273 (C. C. A. 6); Kane v. People, 8 Wend. (N. Y.) 203, 215; Re Beall, 26 Ohio St. 195; Harlow v. Clow, 110 Or. 257, 223 P. 541; State ex rel. Morasco v. Mundell, 127 Neb. 673, 256 N. W. 519.

Even if it were to be held that the provision in the commitment which is here objected to should be eliminated, it would not follow that the defendant is entirely exempt hereafter from enforcement of the fine by imprisonment as he could, in my

opinion, again be brought into court and expressly committed further in default of payment of fine until discharged after 30 days by taking the requisite oath. This would not be imposing an additional punishment which, of course, cannot be imposed after the sentence has once been properly given either during or after the term of court. United States v. Benz, 282 U. S. 304, 51 S. Ct. 113, 75 L. Ed. 354. It is also well settled that a sentence which is erroneous does not entitle the defendant to complete immunity but only entails a remand for the imposition of the correct sentence. See In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; Husty v. United States, 282 U. S. 694, 703, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407.

The defendant relies principally on the authority of Boyd v. Archer, 42 F.(2d) 43, 70 A. L. R. 1507 (C. C. A. 9), and on the unreported case of United States v. Bieshuns, in the Southern District of New York, where an amendment of the commitment as here prayed for was authorized. In the Boyd Case the point was assumed to have been correctly made and was stated to have been conceded. It does not appear in either case what had been the customary practice of the court. While always disposed to follow a deliberate decision of a Circuit Court of Appeals of another Circuit, when not in conflict with rulings in this Circuit or in the Supreme Court, I do not feel that these citations should govern the ruling here in view of the long established contrary practice.

For these reasons the petition for amendment of the commitment is hereby denied.