## UNITED STATES v. RIDGEWOOD GARMENT CO., Inc., et al.

No. 38548.

District Court, E. D. New York.

March 26, 1942.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (John K. Carroll, Sp. Asst. to U. S. Atty., of New York City and Mario Pittoni, Asst. U. S. Atty., of Lynbrook, N. Y., of counsel), for the Government.

Wegman & Climenko, of New York City (Jesse Climenko, of New York City, of counsel), for defendants.

CAMPBELL, District Judge.

This opinion is rendered at the time of the imposition of sentence.

The corporate defendant as well as each of the individual defendants pleaded guilty to three counts of the indictment herein.

The corporate defendant was sentenced to pay a fine of one hundred dollars on each of the three counts to which it had pleaded guilty and nothing further need be said about it.

The individual defendants were each sentenced to pay a fine of fifty dollars on each of the three counts to which he had pleaded guilty and to stand committed until the fines be paid, or he be otherwise discharged according to law.

The only question as to which I feel an expression of my opinion should be given is as to the power of the court to adjudge that each of the individual defendants stand committed until the fine be paid or he be otherwise discharged according to law?

The Fair Labor Standards Act of 1938, in so far as is necessary for consideration

436

here, reads as follows: "Section 16 [§ 216]. (a) Any person who willfully violates any of the provisions of section 15 [215] shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both. No person shall be imprisoned under this subsection except for an offense committed after the conviction of such person for a prior offense under this subsection." 29 U.S.C.A. § 216(a).

 This is an unusual way of expressing what was clearly intended by the Congress, that there should be no imprisonment as a part of the punishment, but only a fine.

There is a clearly understood distinction between imprisonment as a punishment for the offense, which is for a specified time and imprisonment until a fine is paid, which is not for a specified time by way of punishment, but is coercive in its nature, and designed to compel obedience to the Judgment of the court. Ex parte Jackson, 96 U.S. 727, 24 L.Ed. 877.

The authority of the court to commit a defendant to jail until a fine be paid or he be otherwise discharged according to law has been sustained. Ex parte Barclay, C.C., 153 F. 669.

That practice has been impliedly recognized by jointly construing Title 18 U.S.C.A. §§ 569 and 641. Ex parte Barclay, supra, 153 F. at page 671; United States v. Wampler, D.C., 10 F.Supp. 609, 610; Chapman et al. v. United States, 5 Cir., 10 F.2d 124, 125; Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283.

Under a statute providing only for the imposition of a fine it has been generally held that the court has authority to provide in its judgment that the defendant shall be imprisoned until such time as the fine is paid, or the defendant discharged according to law. Ex parte Barclay, supra; Ex parte Jackson, supra; United States v. Pratt, D.C., 23 F.2d 333.

In United States v. Walter H. Anderson,[1] D.C. E.D. Va., March 22, 1941, Judge Pollard, at the time of sentence for violations of Section 16 of the Fair Labor Standards Act of 1938, rendered an oral opinion in which he sustained the authority of the court in its discretion to direct that the defendant be imprisoned until the fine is paid.

The authority of the court generally by its judgment to commit a defendant until the fine be paid or he be otherwise discharged according to law, having been held to rest in its discretion (Ex parte Jackson, supra; Ex parte Barclay, supra; Haddox v. Richardson, 4 Cir., 168 F. 635, 639), the intention to take such authority from the court should clearly appear from the provisions of the Act itself and not rest upon inference.

Of course, the judgment itself must specifically provide for the imprisonment of the defendant until such time as the fine imposed be paid, or the payment cannot be coerced by imprisonment and collection of the fine can be enforced only be execution against defendant's property. Hill v. United States ex rel. Wampler, supra; Boyd v. Archer, 9 Cir., 42 F.2d 43, 70 A.L.R. 1507.

The court has authority, in its discretion, by Judgment, to commit the defendant until the fine imposed be paid or he be otherwise discharged according to law, for a violation of the Fair Labor Standards Act of 1938. 29 U.S.C.A. § 216.

---

[1] No opinion for publication.