**VOGEL v. WONG.**

No. 10904.

United States Court of Appeals Sixth Circuit.

Dec. 16, 1949.

328

Claude P. Stephens, Lexington, Ky. (Claude P. Stephens, Lexington, Ky. on the brief), for appellant.

No appearance for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The Medical Officer in Charge, United States Public Health Service Hospital at Lexington, Kentucky, has appealed from the order of the District Court in the United States for the Eastern District of Kentucky, directing him to discharge the appellee, George Wong, from further custody upon execution of the oath required by the provisions of section 3569, Title 18, United States Code Annotated.

Wong was convicted in the Municipal Court of the District of Columbia, Criminal Division, on an information charging violation of the Uniform Narcotic Drug Act, and was sentenced to serve three hundred and sixty-five days imprisonment and to pay a fine of five hundred dollars ($500), in default of payment of which he was sentenced to serve an additional three hundred and sixty-five days. He has been confined pursuant to his sentence for more than three hundred and sixty-five days, plus thirty days, and therefore, if section 3569 of Title 18, United States Code, applies to his situation, the district court was correct in directing his discharge upon his taking the oath of a poor convict as prescribed in the statute, inasmuch as he has already been confined in prison for more than thirty days in excess of the imprisonment sentence of three hundred and sixty-five days, and longer confinement would be in violation of his rights under section 3569.

Appellant, through the United States Attorney, contends that Wong is not entitled to take the oath of a poor convict and to serve only thirty days in prison in lieu of payment of the fine imposed upon him, for the reason that section 755 of Title 11, Municipal Code, District of Columbia, is said to vest the trial judge with power to impose, in default of payment of a fine, imprisonment not to exceed one year. The concluding sentence of section 755 reads: "In all cases where the said court shall impose a fine it may, in default of the payment of the fine imposed, commit the defendant for such a term as the court thinks right and proper, not to exceed one year."

From the language of section 755, it may reasonably be assumed that Congress meant that if the court merely imposed a fine and the fine was not paid, the defendant could be committed to prison for a term not to exceed one year. But the language of the section does not indicate that where the sentence provides for both penal servitude and a fine, the court could lawfully sentence a defendant to serve not to exceed

one year in lieu of payment of the fine. It is well settled that the district courts of the United States are without authority to impose additional imprisonment in default of payment of a fine imposed, and that one unable to pay a fine, who has been confined in prison for thirty days for non-payment, is entitled to his discharge. Chapman v. United States, 5 Cir., 10 F.2d 124.

In the instant case, the Municipal Court not only sentenced Wong to serve three hundred and sixty-five days in prison, but fined him five hundred dollars, and sentenced him to an additional three hundred and sixty-five days penal servitude should he fail to pay the fine.

If appellant's contention should be sustained the practical effect would be that, if Wong had committed the same act or acts, for which he was convicted and sentenced, in any district of the United States except the District of Columbia, he could not be held in prison for more than thirty days, in lieu of payment of a fine imposed in addition to penal servitude, upon taking the poor convict's oath prescribed in section 3569, while if such offense were committed in the District of Columbia he could be imprisoned an additional three hundred and sixty-five days in lieu of the payment of his fine. Reading the statutes together, we cannot believe that it was the intent of Congress to bring about such an injustice.

Section 3569 of Title 18, United States Code Annotated, provides that when a poor convict, sentenced for violation of *any law of the United States by any court established by enactment of Congress* to be imprisoned and pay a fine, has been confined in prison thirty days solely for the non-payment of such fine he may, upon making application as prescribed, be heard by the nearest United States Commissioner. Upon a showing that he has served his prison sentence and thirty days in lieu of payment of his fine, he is entitled to immediate discharge. The Municipal Court of the District of Columbia is a court established by enactment of Congress and a provision of the Municipal Code for the District of Columbia, enacted by Congress, is, in the context, properly construed as a "law of the United States". Consequently, we think that section 3569 of Title 18, United States Code Annotated, is applicable to Wong's case; and the judgment of the district court is affirmed.