### SMITH v. HUNTER.
### No. 1707.

United States District Court,
D. Kansas.

July 7, 1952.

Walter Fuller, Jr., Kansas City, Kan., for petitioner.

Ernest J. Rice, Asst. U. S. Atty., Topeka, Kan., for respondent.

MELLOTT, Chief Judge.

The issue in this habeas corpus proceeding is whether petitioner, an inmate of the United States Penitentiary at Leavenworth, is entitled to immediate release from custody under the provisions of the statutes pertaining to good time allowances,[1] as he contends, or whether he must proceed as outlined in the statute providing for the release of an indigent prisoner after he has been confined in prison 30 days solely for the nonpayment of a fine.[2] There is no controversy as to the basic facts.

Petitioner was duly received at the penitentiary under two commitments, both dated January 23, 1950, and signed by one of the judges of the United States District Court for the Southern District of Texas. One recites that petitioner herein had violated

1. Title 18 U.S.C.A. § 4161 et seq., June 25, 1948, c. 645, 62 Stat. 853 and amendments.

2. Title 18 U.S.C.A. § 3569, June 25, 1948, c. 645, 62 Stat. 838.

the condition of the suspension of a sentence entered in the Laredo Division of the court on April 20, 1946; that he was then (January 23, 1950) at the bar of the court at Galveston; that he "pay to the United States * * * a fine of Five Hundred ($500) Dollars for fraudulently and knowingly concealing narcotic drug * * * as charged in Count Two of the Indictment * * *;" that the United States have judgment against him for that amount; and that execution be issued. This commitment further provides:

> "* * * that the said Raymond O. Smith is committed until such fine is paid. This sentence to run concurrent with the sentence imposed on said Defendant Smith on this date in Criminal No. 6024 * * * at the Galveston Division of this Court."

Then follow directions for the delivery by the clerk of a certified copy of the judgment and commitment to the custodial officers.

The other commitment, entered in Criminal No. 6024, recites petitioner herein was adjudged guilty of unlawfully acquiring marihuana, as charged in Count Two of the indictment and

> "* * * is hereby committed to the custody of the Attorney General * * for imprisonment for a period of Forty (40) Months on Count Two of the Indictment, to be served in a prison selected by the Attorney General or his authorized representative. It is further Ordered that this sentence herein imposed run concurrently with the sentence in Criminal 8312 at the Laredo Division of this Court which was this day put in force as to the fine of Five Hundred ($500) Dollars."

Petitioner completed the service of 40 months on June 28, 1952, including all good time credits and on the following day—according to the records at the penitentiary—

began the service of 30 days in default of payment of the $500 fine. He was before the bar of this court under the writ of habeas corpus on July 1, 1952.

Although the statute [2] or its prototype has been in effect many years, a search of the authorities has disclosed no case in which the precise question now before the court has been passed upon. The imposition of a fine or penalty, either alone or with other punishment, is authorized under many statutes. "(T)wo kinds of punishment, the one pecuniary and the other corporal" [3] are specifically recognized. The former "may be enforced by execution against the property of the defendant in like manner as judgments in civil cases",[4] and subject to the same exemptions.[5] Probation may be granted on both or the court may impose a fine and place the defendant on probation as to imprisonment. While on probation, the defendant may be required to pay a fine in one or several sums;[6] and his liability for any fine "imposed as to which probation is granted, shall be fully discharged by the fulfillment of the terms and conditions of probation."[6] Where several fines are imposed, at least on one indictment, defendant is entitled to be discharged on taking the oath of inability to pay, after serving 30 days;[7] and a court may not legally require a longer service unless specifically authorized by statute.[8]

The references in the preceding paragraph suggest the scope of the problem. It is argued in petitioner's behalf that the sentencing court did not intend he should be held beyond the 40 months (less good time deductions). The language of the two commitments quoted above is relied upon as supporting that view. The question would be simpler if but one kind of punishment had been specified. Two or more terms of confinement may, of course, be made to run concurrently or consecutive-

---

3. Title 18 U.S.C.A. § 3570, June 25, 1948, c. 645, 62 Stat. 839.

4. Title 18 U.S.C.A. § 3565, June 25, 1948, c. 645, 62 Stat. 837.

5. Fink v. O'Neil, 106 U.S. 272, 1 S.Ct. 325, 27 L.Ed. 196.

6. Title 18 U.S.C.A. § 3651, June 25, 1948, c. 645, 62 Stat. 842.

7. Grier v. Kennan, 8 Cir., 64 F.2d 605; United States v. Wampler, D.C, 10 F. Supp. 609.

8. Cf. Vogel v. Wong, 6 Cir., 178 F.2d 327.

ly. Possibly that is likewise the rule as to fines; but since they "may be enforced * * * in like manner as judgments in civil cases. * * *" (see footnote 4), it is difficult to see how they could be treated otherwise than as an aggregate amount. But that question is passed. The petitioner here is not being held for the payment of more than one fine. Nor is he asking that two or more terms of confinement be made to run concurrently as directed in separate commitments. What he seems to be asking is that this court do the impossible and add together two unlike quantities or adopt an unsound premise that the fine imposed in Criminal No. 8312 was a corporal, rather than a pecuniary, punishment.

The court is of the opinion the record shows petitioner was duly "sentenced for violation of * * * [a] law of the United States by * * * [a] court established by enactment of Congress, to be imprisoned and pay a fine." If he is "a poor convict"—and he seems to be, although that question is not before the court—then when he "has been confined in prison thirty days, solely for the nonpayment of such fine, * * *" he may "make application in writing * * *, setting forth his inability to pay * * *," as provided in the applicable statute. Such action not having been taken and no showing having been made that he was illegally detained on the date of the hearing herein, the court has signed an order discharging the writ of habeas corpus, dismissing the petition and remanding the petitioner to the custody of the respondent warden.