**Donald C. CLEMMER, Director, Department of Corrections for the District of Columbia, Appellant,**

v.

**Nathan H. ALEXANDER, Appellee.**

**No. 16437.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 13, 1961.

Decided Sept. 28, 1961.

Mr. Richard W. Barton, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellant.

Mr. Robert E. L. Richardson, Washington, D. C., with whom Mr. George W. Shadoan, Washington, D. C., was on the brief, for appellee.

Before FAHY, BASTIAN and BURGER, Circuit Judges.

FAHY, Circuit Judge.

The question is whether the Indigent Prisoners' Act, set forth in pertinent part in the margin,[1] is applicable to an

---

1. "(a) When a poor convict, sentenced for violation of any law of the United States by any court established by enactment of Congress, to be imprisoned and pay a

indigent prisoner sentenced by the Municipal Court of the District of Columbia on a conviction of vagrancy, infra n. 7. The District Court held that the Act was applicable and ordered appellee restored to his liberty upon compliance with its pauper's oath provision. He thereupon took the oath before a United States Commissioner. The present appeal from the order of the District Court is by the Director of the Department of Corrections for the District of Columbia, who had charge of the penal institution where appellee was confined [2] as a result of his sentence by the Municipal Court to serve ninety days in jail and to pay a fine of $300, in default of which he had served more than thirty days of an additional sentence of 180 days imposed for the default.[3]

By the terms of the Act it is applicable to a prisoner sentenced for "violation of any law of the United States by any court established by enactment of Congress." That the Municipal Court of the District of Columbia is a court "established by enactment of Congress" is indisputable.[4] Reliance by appellant upon United States v. Mills, 1897, 11 App.D.C. 500, for a contrary position, is misplaced, for that case arose under an earlier Indigent Prisoners' Act [5] which applied to one sentenced by "any court of the United States." In holding that the Police Court of the District of Columbia,

which then existed in this jurisdiction, was not a "court of the United States" the Mills opinion reasoned as follows:

"it requires no elaboration of argument or citation of authorities to show that when there is mention, either in the Constitution or in the statute law, of the courts of the United States, the courts thereby meant are those of general jurisdiction—not temporary, transitional, or sporadic courts; or courts of inferior and limited jurisdiction, specially organized to deal in a summary way with petty matters, either civil or criminal, outside of the usual course and scope of the common law. Of the latter character, undoubtedly, is the Police Court of the District of Columbia, although some common law jurisdiction has now been conferred upon it, and it has been authorized to proceed in divers cases in accordance with common law methods."

11 App.D.C. at pages 506–507.

The limitation thus placed upon the previous statute was not maintained by Congress when the Act was broadened in 1948 to extend to one sentenced "for violation of any law of the United States by any court established by enactment of Congress." It is urged that the purpose of this change in language was

---

fine, or fine and costs, or to pay a fine, or fine and costs, has been confined in prison thirty days, solely for the nonpayment of such fine, or fine and costs, such convict may make application in writing to the nearest United States commissioner in the district where he is imprisoned setting forth his inability to pay such fine, or fine and costs, and after notice to the district attorney of the United States, who may appear, offer evidence, and be heard, the commissioner shall proceed to hear and determine the matter.

"If on examination it shall appear to him that such convict is unable to pay such fine, or fine and costs, and that he has not any property exceeding $20 in value, except such as is by law exempt from being taken on execution for debt, the commissioner shall administer to him the following oath * * *. Upon tak-

ing such oath such convict shall be discharged * * *."
18 U.S.C. § 3569 (1958).

2. The matter came before the District Court in habeas corpus proceedings, followed by the order referred to, which in turn was followed by appellee's application to the United States Commissioner, after thirty days imprisonment for nonpayment of the fine. The District Court stayed its order pending appeal but released appellee on his personal recognizance.

3. 11 D.C.Code § 616 (1951).

4. The Municipal Court of the District of Columbia was organized on April 1, 1942, under Public Law 512, 56 Stat. 190.

5. 18 U.S.C. § 641 (1946).

to cover sentences of courts of the territories and possessions of the United States.[6] Such a purpose does not exclude other courts clearly included in the language chosen. Congress did not provide that the broadened coverage was to extend only to courts of the territories and possessions; it was to encompass "any court established by enactment of Congress." To exclude the Municipal Court of the District of Columbia—with no logical or persuasive reason for doing so—would appear to be contrary to both the terms and spirit of the Act, designed as it is to terminate imprisonment for nonpayment of fines by those unable to pay.

In Green v. Peak, 1933, 62 App.D.C. 176, 65 F.2d 809, involving a Police Court conviction in the District of Columbia for violation of the National Prohibition Act, when the Police Court had concurrent jurisdiction of such an offense with the Supreme Court of the District of Columbia, the court departed somewhat from its earlier concept of a "court of the United States" set forth in Mills, saying,

> "if the police court of the District of Columbia is a court of the United States for the trial and conviction of offenders against the National Prohibition Act, it should also be treated as a court of the United States for the relief of such convicts under the provisions of National Indigent Prisoners' Act."

62 App.D.C. at page 177, 65 F.2d at page 810.

The Mills ruling that the Act as then worded did not apply to the "local jurisdiction of the police court under local statutes or municipal regulations," was said in Green to be undisturbed. The Green dictum to that effect, however, is not of current significance; for when Green was decided the Act retained the identical language construed in Mills, and not the broader provision now before us. On this branch of the case we agree with the decision of the Court of Appeals for the Sixth Circuit in Vogel v. Wong, 6 Cir., 1949, 178 F.2d 327, that under the present Indigent Prisoners' Act "The Municipal Court of the District of Columbia is a court established by enactment of Congress * * *." 178 F.2d at page 329.

■ This brings us to the other branch of the case, that is, whether the sentence for violation of the District of Columbia vagrancy statute was "for violation of any law of the United States." The relevant offense of vagrancy was created by Act of Congress.[7] The commission of the offense is, therefore, at least in some sense a violation of a "law of the United States." The law is, however, a local one for the District of Columbia and not a law of general application within the federal jurisdiction. Appellant accordingly contends that it is not a "law of the United States" within the purview of the Indigent Prisoners' Act. This contention is answered in good part by our holding that the Act applies to sentences of the Municipal Court of the District of Columbia. Sentences of such a "court established by enactment of Congress" can hardly be removed from the Act's reach on the theory such sentences are imposed under local law. Local laws enacted by Congress are in a literal sense laws of the United States; and while they are local in a geographical sense, the broadening of the Act by Congress to take in sentences of any court established

6. See Reviser's Note, 18 U.S.C. § 3569 (1958).

7. The following classes of persons shall be deemed vagrants in the District of Columbia:

"* * * (3) Any person leading an immoral or profligate life who has no lawful employment and who has no lawful means of support realized from a lawful occupation or source.

* * * * *

"(8) Any person who wanders about the streets at late or unusual hours of the night without any visible or lawful business and not giving a good account of himself."

22 D.C.Code §§ 3302(3), (8) (Supp. VIII, 1960).

by Act of Congress, such, it is conceded, as courts of the territories and possessions, necessarily causes the Act to embrace sentences imposed for violation of laws of less than general application. This seems to us the logical consequence of the amending language in the absence of congressional indication of a contrary intention. We find no such indication.

It well may be that in the context of some legislation the term "law of the United States" should be construed to mean only a federal law of general application; but the history and purpose of the Indigent Prisoners' Act preclude such a construction here. The language of the Act covers a sentence imposed under our vagrancy statute, for the statute is not a municipal ordinance; it is a law enacted by Congress—a law of the United States—though local because of the special character of the federal district where the Capital is located.

The division of prosecutional responsibility [8] which places upon the Corporation Counsel of the District of Columbia, rather than upon the United States Attorney, the duty of handling vagrancy cases emphasizes the obviously local character of the law but does not alter the fact that the offense of vagrancy is a violation of an enactment of the Congress of the United States.

No persuasive reason is advanced for attributing to Congress, by the language it has employed, an intention to withhold from indigents who have violated laws of Congress of a relatively minor character the benefits accorded prisoners who have committed more serious offenses. Such an interpretation would unnecessarily detract from the obviously humane purpose of the Act to provide relief for indigents who, because of their financial plight, are unable to discharge monetary fines imposed upon them. The special responsibility of Congress with respect to the District of Columbia argues in favor of giving the Indigent Prisoners' Act a construction which enables prisoners to resort to it whether sentenced by our Municipal Court or our District Court. In other words, the situation of the prisoner is the controlling factor, not which court in the District of Columbia imposed the sentence. We agree again with the Court of Appeals for the Sixth Circuit, that "a provision of the Municipal Code for the District of Columbia, enacted by Congress, is, in the context, properly construed as a 'law of the United States.'" Vogel v. Wong, supra at page 329 of 178 F.2d. And see United States v. Cella, 37 App.D.C. 423; United States v. Cella, 37 App.D.C. 433.

Affirmed.