844

WILLIAM M. (DECEASED) AND ERNESTINA WINKLER, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1046–71.   Filed July 22, 1971.

*Andrew S. Coxe*, for the respondent.

OPINION

SIMPSON, *Judge:* Our present consideration of this case arises by reason of the respondent's motion to dismiss the case for lack of jurisdiction on the ground that the petition was not timely filed.

The respondent mailed the notice of deficiency to the petitioners on September 18, 1970. At that time, Mrs. Winkler was a resident of the Principality of Monaco, and Mr. Winkler was deceased. The parties agree that the applicable period for timely filing of the petition is 150 days. The 150th day after the date of the mailing of the deficiency notice was Monday, February 15, 1971.

The petition was mailed in an envelope which bore a U.S. postmark dated February 16, 1971, and the petition was actually filed with this Court on February 18. Our decision with respect to the respondent's motion depends upon whether Monday, February 15, 1971, was a legal holiday—Washington's Birthday—in the District of Columbia. If it was, then a 1-day extension of the filing period is authorized by section 7503, I.R.C. 1954,[1] and such timely mailing will be considered tantamount to timely filing under section 7502(a). If it was not, then the petition was not filed timely, and we would have no alternative but to grant the respondent's motion. *Raymond S. August*, 54 T.C. 1535, 1536 (1970); *Irving Fishman*, 51 T.C. 869, 874 (1969), affirmed per curiam 420 F. 2d 491 (C.A. 2, 1970).

The District of Columbia Code, 1967 edition, enumerated at section 28–2701 the holidays in the District of Columbia. Included in such holidays was George Washington's Birthday, with the date of observance given as February 22.

On June 28, 1968, there was enacted Public Law 90–363, entitled "AN ACT To provide for uniform annual observances of certain legal public holidays on Mondays, and for other purposes." 82 Stat. 250. Such act amended section 6103(a) of title 5, U.S.C., with respect

---

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.

to the list of legal public holidays set forth therein. One of the changes effected by such amendment was to change the date of observance of Washington's Birthday from February 22 to the third Monday in February, effective as of 1971. The act also provided that any reference "in a law of the United States" in effect as of January 1, 1971, to the observance of a legal public holiday on a date other than that fixed by the amended section 6103(a), shall "on and after * * * [January 1, 1971] be considered a reference to the day for the observance of such holiday prescribed in such amended section 6103(a)." 82 Stat. at 250–251.

In 1971, the third Monday in February was February 15. Whether it was a legal holiday in the District of Columbia depends upon whether the District of Columbia Code is a "law of the United States" for the purposes of interpreting Pub. L. 90–363.

The District of Columbia Code is enacted by Congress, which has exclusive legislative power over the District. Article I, sec. 8, United States Constitution; *Neild* v. *District of Columbia*, 110 F. 2d 246 (C.A.D.C. 1940). Thus, the laws which make up that Code are laws enacted by the United States' legislative body, and such laws owe their authority to the United States; in that sense, they are laws of the United States. *Clemmer* v. *Alexander*, 295 F. 2d 176, 179 (C.A.D.C. 1961); *United States* v. *Cooper Corporation*, 31 F. Supp. 848, 851 (S.D.N.Y. 1940), affd. 114 F. 2d 413 (C.A. 2, 1940), affd. 312 U.S. 600 (1941); *Flaherty* v. *Jackson*, 94 So. 316, 317 (La. 1922). In *Clemmer* v. *Alexander*, it was held that a District of Columbia vagrancy statute, a law of "obviously local character," was a law of the United States for the purpose of applying the Indigent Prisoners' Act; such conclusion was based on the intent and purpose of the specific act being construed. On the other hand, in *Am. Security Co.* v. *District of Columbia*, 224 U.S. 491 (1912), the Court held that an act of Congress applicable only to the District of Columbia was not a law of the United States for the purpose of construing an act relating to the jurisdiction of the Supreme Court; but even in reaching such conclusion, the Court noted that "it needs no authority to show that the same phrase may have different meanings in different connections." 224 U.S. at 494. The Court stated that under the circumstances before it, strict construction was warranted to effectuate the apparent intent of Congress. Thus, the meaning of the phrase "law of the United States" depends upon whether the inclusion of the locally applicable law in the category of laws of the United States for the particular purpose for which that category is being construed would produce a result which is reasonable, desirable, and consistent with the intent of Congress when it enacted such law.

We believe that Congress intended for Pub. L. 90–363 to apply

to the District of Columbia, and that the language therein referring to "a law of the United States" was meant to apply to the District of Columbia Code. In the report of the Committee on the Judiciary of the House of Representatives, it was stated:

As has always been the case in the past with respect to national holidays, the legal effect of * * * [Pub. L. 90-363] would be limited to the observance of holidays by employees of the Federal Government *and observances in the District of Columbia.* * * * [H. Rept. No. 1280, 90th Cong., 2d Sess., p. 4 (1968).] [Emphasis supplied.]

The report went on to say that it was hoped that the States would follow suit and enact consistent legislation; but clearly, it was thought to be a foregone conclusion that the holiday observance in the District of Columbia would be governed by the new law. Identical language was included in the report of the Senate Committee on the Judiciary. S. Rept. No. 1293, 90th Cong., 2d Sess., p. 4 (1968). The discussions among the members of the House of Representatives with respect to the merits and various features of the bill which became Pub. L. 90-363 also reveal numerous instances in which congressman indicated their belief and assumption that such legislation would govern the legal holidays in the District of Columbia, and would establish the dates of such holidays. 114 Cong. Rec. 12077 (May 7, 1968); 114 Cong. Rec. 12585-12588, 12595-12596, 12601, 12605 (May 9, 1968). In light of such explicit indications of congressional intent, it is clear that Pub. L. 90-363 was intended to change the date of observance of the legal holiday of Washington's Birthday in the District of Columbia.

Furthermore, Pub. L. 90-363 has generally been considered to have changed the days for observing legal holidays in the District of Columbia. We may take judicial notice of the fact that the offices of the Federal Government, including those of this Court, were closed for Washington's Birthday on February 15, 1971, the third Monday in February, and not on February 22. Moreover, we take judicial notice of the fact that the offices of the Government of the District of Columbia were likewise closed in observance of Washington's Birthday on February 15, 1971. This Court has already taken a position on the date of such holiday; Rule 61(b) of the Tax Court Rules of Practice provides that, effective in 1971, the third Monday in February is the legal holiday of Washington's Birthday "within the District of Columbia." A footnote to Rule 61(b) gives Pub. L. 90-363 as the authority for such holiday date. Similarly, the Rules of the United States Court of Claims state, at Rule 25(a)(2), that the legal holiday of Washington's Birthday in the District of Columbia is the third Monday in February beginning in 1971. In addition, supplement IV to the District of Columbia Code, published in 1971,

sets forth the text of Pub. L. 90–363 under the heading of section 28–2701, relating to legal holidays in the District of Columbia. The Committee on the Judiciary of the House of Representatives, which issued the supplement to the District of Columbia Code, apparently considered that the public law changed the days for observing the legal holidays in the District of Columbia.

Finally, it is patently clear that the purpose underlying section 7503 is to extend the time for filing a document when the last day for filing would, under the ordinary rule, be a day on which the office in which the document had to be filed was closed. Thus, since the Federal offices were closed on February 15, the functional purpose of section 7503, as well as its literal mandate, is fulfilled by treating such day as a legal holiday.

We conclude that February 15, 1971, was a legal holiday in the District of Columbia. The petition in this case was timely filed, and the respondent's motion to dismiss for lack of jurisdiction will be denied.

*An appropriate order will be issued.*