STATE OF NEW JERSEY, RUSSELL DUSTAN, PROSECUTOR, RESPONDENT, v. CHARLES M. STEVENS, PROSECUTOR.

Submitted May 1, 1945—Decided December 3, 1945.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *Thomas Brunetto.*

For the state, *Edward Gaulkin.*

The opinion of the court was delivered by

HEHER, J. *Certiorari* was allowed to review the conviction of prosecutor Stevens, in the Mayor's Court of the Borough of Caldwell, upon a complaint charging that on July 19th, 1944, he operated a motor vehicle upon a public highway of the municipality while under the influence of intoxicating liquor, in violation of *R. S.* 39 :4–50.

The cause is entitled in the printed case "Charles M. Stevens, Prosecutor, vs. Mayor's Court of the Borough of Caldwell, Respondent." Respondent's counsel suggests that the proper title is "—— vs. Joseph P. Dosch, Mayor, &c." Neither is correct. Rule 15 of this court requires that the case be captioned as it was before the magistrate. *Vide Curtis* v. *Joyce,* 90 *N. J. L.* 47; *affirmed,* 91 *Id.* 685.

Stevens was arrested shortly after the occurrence, and was arraigned on the following day, when he entered a plea of guilty to the complaint. Sentence was imposed immediately. He was fined $350, and costs of $2 were also assessed against him; and it was provided in the judgment that in case of default in "the payment thereof," he "be committed to the county penitentiary * * * for a period of 90 days." The next day, July 21st (he remained in custody meanwhile), he was incarcerated in the penitentiary in default of payment of the fine and costs, where he was confined until September 21st, when he was released under bail pending the determination of the instant proceeding.

The cause was submitted on briefs at the last May term; and not long thereafter both Stevens and his counsel died. Generally, the points made are: (1) the magistrate had no jurisdiction of the subject-matter because a recorder's court was in existence in the municipality; (2) the statute purporting to invest the mayor of the municipality with jurisdiction in such cases is unconstitutional; (3) the statutory prerequisites were not met in certain particulars; and (4) the plea of guilty was induced by deception and fraud, and the defendant was not afforded an opportunity to consult counsel. There has been no application to substitute a representative of the deceased as a party to this proceeding, in his place and stead.

The death of prosecutor abated the instant proceeding on *certiorari*. The questions raised are now moot, and so do not call for decision. The judgment thus brought up for review placed the defendant under no pecuniary obligation either to the state or the municipality. It was not a mere commitment of the defendant *until* the payment of the fine and costs, *i. e.,* as a means of enforcing their satisfaction. The judgment fixed the punishment at 90 days imprisonment in the event of a default in the payment of the fine and costs. Such default occurred; and the defendant had served a substantial part of the sentence of imprisonment when the writ herein issued. He was then subject only to imprisonment under the judgment of conviction, although it may well be that in such circumstances the payment of the fine and costs would terminate the imprisonment. *Vide Flanagan* v. *Plainfield,* 44 *N. J. L.* 118. Neither the fine nor the costs became a charge upon either the real or the personal property of the defendant. The statute does not provide for their satisfaction by civil process. Compare *R. S.* 2:194–12 and 39:5–36.

And there is authority for the view that where a judgment of conviction of crime prescribed imprisonment only as the punishment, and also directed the payments of costs, and the accused died in similar circumstances, an appeal will not be entertained simply to determine the question of costs, depending as they do upon the validity of the judgment of which they are but an incident. *Vide Gibson* v. *State,* 178 *Ind.* 315; 99 *N. E. Rep.* 424. But we have no occasion to determine this question. See, in this connection, *section* 2:194–12, *supra*.

Counsel for respondent will therefore suggest prosecutor's death upon the record, and thereupon the writ will be dismissed, without costs.