STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. LAWRENCE P. O'TOOLE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 12, 1978—Decided September 28, 1978.

340

Before Judges LYNCH and CRANE.

*Mr. Martin J. Arbus* argued the cause for appellant (*Messrs. Giordano, Halleran & Crahay,* attorneys).

*Mr. Allon D. Kenney,* Assistant County Prosecutor, argued the cause for respondent (*Mr. Clinton E. Cronin,* Acting Monmouth County Prosecutor, attorney).

PER CURIAM. Defendant appeals from a judgment of the Monmouth County Court which sentenced him to two terms of confinement in the Monmouth County Correctional Institution: a term of 12 days for possession of marijuana (*N. J. S. A.* 24:21–20(a)) and a term of 30 days for driving while on the revoked list (*N. J. S. A.* 39:3–40).

The sentences now on appeal were the culmination of complaints filed in the municipal court of Wall Township followed by several incidents which developed the framework of the issues before us.

In the municipal court defendant was convicted of possession of marijuana under 25 grams and was fined $250 and $25 costs. He was also convicted of driving while on the revoked list for which he was fined $750 plus $15 costs and his license was revoked. Both fines were stayed pending defendant's appeal to the County Court.

Defendant failed to appear at the hearing in the County Court and his appeal was dismissed on March 18, 1977. On

March 23, 1977 the municipal court sent defendant a notice
to pay the fines and costs which had been imposed. He
failed to respond and on April 29, 1977 he was again notified
to pay the fines and costs and to appear in the municipal
court on May 16. Again defendant failed to respond. Finally
a bench warrant was issued and defendant was brought to
court on May 24, 1977. The judge found that defendant
had willfully refused to pay the fines and costs and revised
the original sentences of fines and costs and resentenced
defendant to the 90-day term on the marijuana charge and
the 30-day term on the motor vehicle violation. Defendant
then requested an extension of 24 hours to pay the fines and
costs. He was given two days. He never returned or made
any effort to pay any part of the fines or costs. He was
apprehended by the police and taken to the Correctional
Institution to serve his sentence.

Defendant appealed to the Monmouth County Court. The
sentence of 30 days on the motor vehicle violation was
affirmed, but the 90-day sentence on the marijuana charge
was modified to 12 days' incarceration. This appeal followed.

On appeal defendant contends: (A) the municipal court
erred in not allowing the defendant to pay the fine in
installments; (B) the court below erred in incarcerating
defendant since defendant was willing and able to pay the
fines and costs.

A

*Payment in Installments*

 Defendant contends that the municipal court judge
wrongfully refused to allow him to pay the fines in install-
ments and relies upon *State v. DeBonis,* 58 *N. J.* 182 (1971),
in support of this proposition. In that case the Supreme
Court was asked to decide whether a defendant who has been
fined following a finding of guilt or plea on a charge must
be afforded an opportunity to pay the fine in installments if
he cannot pay the entire sum at once. Chief Justice Wein-

traub, writing for the court, answered this question in the affirmative, declaring:

If a defendant is unable to pay a fine at once, he shall, *upon a showing of that inability*, be offered an opportunity to pay the fine in reasonable installments consistent with the objective of achieving the punishment the fine is intended to inflict. [at 199; emphasis supplied]

In making this argument defendant seems to misapprehend the scope of appellate review. Both the municipal court judge and the County Court judge found as a matter of fact that defendant was able to pay the fines in full at once and that defendant simply refused to do so. Such findings of fact are conclusive on appeal if supported by the evidence below. *State v. Johnson,* 42 *N. J.* 146 (1964). Here, defendant's ability to pay is supported by his own statement in the Wall Township Municipal Court that he would deliver the money to the court if he were given a day to collect it. Hence, an essential prerequisite to application of the *DeBonis rule* — inability to pay the fine in full at once — is lacking.

This contention is without merit.

## B

### *Incarceration*

■ Defendant contends that he was wrongfully incarcerated in view of his tender of the fines to the court because, he says, *N. J. S. A.* 2A:169–5 and *N. J. S. A.* 39:5–36 state that a person may only be incarcerated until the fines have been paid and (2) the court may not impose "alternative sentences" as it allegedly did herein.

As to the statutes, *N. J. S. A.* 2A:169–5 declares:

Any person adjudged a disorderly person who defaults in the payment of a fine duly imposed upon him may be committed by the court to the county workhouse, penitentiary or jail until the fine

has been paid. The person so committed shall be credited with $20.00 of fine paid for each day he serves in such custody.

And *N. J. S. A.* 39:5–36 states:

Unless otherwise expressly provided in this subtitle, any person who shall be convicted of a violation of any of the provisions of this subtitle, and upon whom a fine shall be imposed, shall, in default of payment thereof, be imprisoned in the county jail or workhouse of the county where the offense was committed, but in no case shall such imprisonment exceed 1 day for each *$20.00* of the fine so imposed, nor shall such imprisonment exceed, in any case, a period of 3 months.

Whenever a person is imprisoned by reason of default in the payment of a fine or fines and costs imposed and assessed upon conviction of any violation of this subtitle wherein the committing court, as a part of the sentence, ordered that such person stand committed to the county jail or workhouse until such fine and costs are paid, he shall be given credit against the amount of such fines and costs at the rate of *$20.00* for each day of such confinement. When such person shall have been confined for a sufficient number of days to establish credits equal to the aggregate amount of such fines and costs, and is not held by reason of any other sentence or commitment, he shall be discharged from such imprisonment by the officer in charge of the county jail or workhouse.

Defendant would have this court read these statutes to mean that where an individual has continuously and wilfully evaded payment of a fine, and the trial judge thereafter remands him to jail, that person may nonetheless escape that penalty in all cases simply by paying the fine. Such interpretation distorts the statutory language.

*N. J. S. A.* 2A:169–5 simply declares that where a person has defaulted in paying a fine, the court *may* order him confined "until the fine has been paid." Similarly, under *N. J. S. A.* 39:5–36, in order to permit a defendant to be discharged from confinement if he pays his fine, the committing court shall have, "as a part of the sentence, ordered that such person stand committed to the county jail or workhouse until such fine and costs are paid * * *." Here, by contrast, the municipal court judge did not commit defendant "until the fine was paid." He simply resentenced defendant to a

custodial term upon his wilful failure to pay the fine. That custodial term was not conditioned upon defendant's tender of the fines. And neither of the cited statutes require this result. Such was the reasoning of the County Court judge in upholding the custodial terms regardless of tender of the fines.

In *State v. DeBonis, supra,* in discussing custodial sentences imposed after a default in the payment of a fine, Justice Weintraub observed that "in our State a fine is intended to punish, and that imprisonment upon nonpayment, *far from being a collection device,* is substituted punishment designed to achieve the punitive end which the fine was imposed to achieve but failed to achieve." *58 N. J.* at 192 (emphasis supplied). And further, in discussing the propriety of imposing a jail term upon a person's failure to meet the installment payments on a fine, he notes:

> If a defendant fails to meet the installments, he shall be recalled for reconsideration of his sentence. The court may reduce the fine, or suspend it, or modify the installment plan, or, if none of those alternatives is warranted, the court may impose a jail term to achieve the needed *penological* objective. If a jail sentence is thus *substituted* for the fine, the sentencing judge shall not be obliged to equate a day in jail with a statutorily stated dollar amount. On the contrary, such statutes must be deemed to prescribe only a minimum equivalency. The sentencing judge must impose a lesser jail term if it is adequate in the light of the total circumstances of the individual case. [at 200; emphasis supplied]

Here the incarceration was not as a collection device but rather for penological objective. Thus it was a substituted sentence. The courts below did not err in refusing to accept payment of the fines in lieu of imposing a custodial term. At that point, the courts having concluded that the fines failed to achieve the intended punitive end, the alternative of paying the fines simply did not exist. As Justice Weintraub noted, a judge is not bound to "equate a day in jail with a statutorily stated dollar amount." Yet defendant, by asserting that a custodial term is impermissible in a cir-

cumstance such as that at bar, argues in essence, this very proposition. As noted earlier, the cited statutes do not compel this result and would seem to require a discharge from custody in cases such as that at bar only where the judge has expressly conditioned the custodial term upon payment of the fine, *i. e.* "until the fine has been paid * * *" — either at the statutory rate of $20 a day or upon full payment in cash. Here the custodial sentence was entirely separate and apart from the fines.

 Also, defendant's "alternative sentence" claim is entirely without merit. In *State v. Johnson,* 30 *N. J. Super.* 235 (Law Div. 1954), assuming its applicability, the court (at 237) upheld a sentence of a "fine of $200 and costs, and in default thereof imprisonment for 30 days." The court then noted:

It is a general rule that the court has no power to impose an alternative sentence, which at the same time is uncertain and which gives to the defendant the choice of imprisonment or a fine. It is the court's duty to determine whether one or the other or both shall be imposed. *Roop v. State,* 58 *N. J. L.* 487, 34 *A.* 885 (Sup. Ct. 1896) ; *State (Miller) v. City of Camden,* 63 *N. J. L.* 501, 43 A. 1069 *(Sup. Ct.* 1899).

But we conclude that in this case there was no alternative, uncertain sentence imposed. The sentence was definite and if the defendant pays the fine and costs within the 30-day period he should be released immediately. See *Flanagan v. Treasurer of Plainfield,* 44 *N. J. L.* 118 *(Sup. Ct.* 1882) ; *State v. Stevens,* 133 *N. J. L.* 488, 44 *A.* 2d 713 *(Sup. Ct.* 1945). [at 237]

It is at once apparent that this principle is not at issue in this circumstance. Not only was the custodial term not "uncertain," but at the time the municipal court judge gave defendant leave to collect the money to pay the fines and costs, the order giving rise to the custodial term was effectively stayed. Defendant had no "choice" to pay the fine or go to jail any more than anyone would have who is ordered to pay a fine.

The convictions and sentences are affirmed.